**James D. RICHARDSON, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42898.**

Court of Criminal Appeals of Texas.

May 20, 1970.

Dalton Gandy, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Ronald W. Quillin, George McManus and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is rape; the punishment, 25 years.

Appellant's first ground of error relates to the motion to suppress the in court identification of the prosecutrix because of a prior lineup identification (United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149).

Appellant did not testify at the hearing on guilt, but did testify before the jury at the hearing on punishment. He admitted that the jury was correct in finding him guilty, and asked them to grant him probation.

We recently expressed our views on a kindred question in Brumfield v. State, Tex.Cr.App., 445 S.W.2d 732. Here, however, the appellant voluntarily went before the jury, in answer to his own counsel's questioning admitted that he had made a mistake, and asked the jury for mercy. No Fifth Amendment right is violated, and by employing such trial strategy, we can only logically say that on appeal such an appellant cannot question the sufficiency of the evidence or question the in-court identification of the prosecutrix.

There remains only appellant's complaint that a witness testified that prosecutrix came to his house immediately after she was released by appellant, and in answer to a question reported that she had been raped. The state urged that the error if it be error is not before the court because no objection was made at that point in the testimony and we agree, Scanlin v. State, 165 Tex.Cr.R. 183, 305 S.W. 2d 357. Her outcry was clearly an exception to the hearsay rule, and was admissible, Hart v. State, 139 Tex.Cr.R. 101, 138 S.W.2d 818.

Finding no reversible error, the judgment is affirmed.