**Michael C. BOOTHE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44180.**

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Rehearing Denied Jan. 11, 1972.

Stone, Luther & Dyer, by Max J. Luther, III, Corpus Christi, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction by a jury for the possession of marihuana. The court assessed the punishment at five years.

The sufficiency of the evidence is challenged.

On January 25, 1970, Officer Pflueger of the Corpus Christi Police Department and his partner in answer to a call went to a residence where the father of a young boy showed the officers what appeared to be marihuana that the boy had found in a portion of a new shopping mall then under construction. The officers were taken to the construction site. They were shown a room which had brick walls, a ceiling, but only a dirt floor that was partly muddy. On a wooden platform in this secluded room were three blue plastic bags each weighing approximately five pounds and containing a weed-looking substance. The substance in the bags appeared to Officer Pflueger to be marihuana. He immediately called for the narcotics squad.

Officer A. A. Schonvogel of the Narcotics Division went to the shopping center where he met the other two officers. They took him to the three blue plastic bags. He testified that he inspected the substance inside them and that he was of the opinion that it was marihuana.

A stake-out was immediately set up. Officers Schonvogel and Otis Bell set up a cardboard blind inside the building while another officer waited outside. Around 7:00 p.m. a car drove up. The motor and lights were turned off. Two persons got out of the car. The driver, appellant, went to the trunk of the car and opened it. The passenger (a juvenile) went directly into the building. The appellant entered the building and was some five to fifteen feet behind when the passenger picked up one of the blue plastic bags.

At this point the officers told the two to freeze and identified themselves as narcotics officers. Appellant stated: "What in the world is going on? I just stopped in here to take a leak." The two were placed under arrest, handcuffed and taken outside. One officer flashed a flashlight into the car. On the front floorboard of the car he saw a black suitcase with a blue plastic bag sticking out of it. This fourth blue plastic bag was examined and it was the opinion of both Officers Bell and Schonvogel that it contained marihuana. The fourth bag was taken from the scene by a narcotics agent from the State Department of Public Safety. It was not introduced into evidence. The other three bags were taken to the police station.

■ Appellant challenges the "chain of custody" asserting that the substance admitted into evidence at the trial and stipulated to be marihuana from the chemist's test was not properly identified as being the same substance found at the scene of the arrest. The contention need not be ruled upon, since two officers from the narcotics division testified that the substance found inside the building and that found inside the car appeared to them to be marihuana. Officer Bell had a total of nine years experience on the police force with three of them in the narcotics division. He testified that he was trained with regard to the recognition and physical appearance of various narcotic drugs including marihuana. He further testified that he encountered what he believed to be marihuana during his three years with the narcotics division hundreds of times on an average of about five times a week. Officer Schonvogel had fifteen years experience on the police force with one and a half years in the narcotics division. He testified that he, too, was trained to recognize marihuana and came in contact with it on an average of three to six times a

week. The testimony of these experienced officers in the narcotics division that the substance found in the building and in the automobile appeared to them to be marihuana was sufficient for the jury to determine that it was marihuana. See Satery v. State, Tex.Cr.App., 455 S.W.2d 294; Alcala v. State, 163 Tex.Cr.R. 453, 293 S.W.2d 645.

 Appellant also contends that the evidence was insufficient to show that he was in possession of any of the alleged marihuana. No one testified that appellant had any marihuana in his hands. He was five to fifteen feet away from the stashed marihuana when the passenger picked up one of the bags. Nor is there any evidence that appellant had dominion and control of the premises where the marihuana was stashed. It is unnecessary, however, for us to decide whether the evidence was sufficient to establish any other dominion and control by appellant of the marihuana in the building. The appellant was the driver of the car where a five pound bag of marihuana was found in the front floorboard. We hold the evidence sufficient to warrant a jury finding beyond a reasonable doubt that the appellant possessed marihuana.

At the penalty stage of the trial in support of the application for probation, the appellant testified that he placed the three bags of marihuana in the building and possessed it as well as that in the car. He testified that he was planning to deliver it to a buyer from Dallas.

It would be an exercise in futility to reverse such a case for insufficient evidence where the testimony of the appellant could be used against him on a retrial.

In Richardson v. State, Tex.Cr.App., 458 S.W.2d 665, we noted that where the appellant did not testify at the hearing on guilt but did so voluntarily at the hearing on punishment admitting his mistake he cannot on appeal question the sufficiency of the evidence.

Finally, appellant complains of the failure of the trial court to instruct the jury on the law of circumstantial evidence. The record contains neither an objection to the court's charge under Article 36.14, Vernon's Ann.C.C.P., nor a written requested instruction as provided for in Article 36.15, V.A.C.C.P. Absent such an objection or request, nothing is presented for review. Forderson v. State, Tex.Cr. App., 467 S.W.2d 476.

No reversible error is shown. The judgment is affirmed.

MORRISON, J., not participating.