**Harold Dee PALMER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44290.**

Court of Criminal Appeals of Texas.

Jan. 26, 1972.

Second Rehearing Denied Feb. 23, 1972.

Melvyn Carson Bruder, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ON MOTION FOR REHEARING

DAVIS, Commissioner.

Our Opinion on original submission is withdrawn and the following is substituted in lieu thereof.

This is an appeal from a conviction for possession of heroin with punishment assessed at life by the jury.

The record reflects that after obtaining a search warrant to search appellant's mo-

tel room for marihuana, Officer Anderton of the Dallas Police Department went to the motel where appellant was staying, and after observing appellant through the blinds, which were down, but not closed, on the bed with a hypodermic syringe in his hand, Officer Anderton and two other officers broke into the room, arrested appellant and seized, among other items, packets of powder which Dr. Mason of the Dallas Criminal Investigation Laboratory testified he found to contain heroin.

Appellant first complains of the admission into evidence of the fruits of an illegal search and seizure.

At the penalty stage of the trial, the appellante testified that his leg had been amputated and that he did not receive any prescriptions for any type of drug that would relieve the pain after leaving the hospital. In response to a question about where he bought the heroin, the appellant answered, "I didn't buy it, I was welcome to it." After testifying about the pain he had experienced, appellant was asked if he had taken a shot the day of the arrest, and appellant answered, "No. I would have in just a few more minutes, though." Appellant further testified that a Raymond Harris, whose whereabouts were unknown to appellant on the day of the trial, left the heroin with him, "He just told me that whatever I wanted or needed I could have. He didn't expect me to pick up everything he had and walk off with it."

In Richardson v. State, Tex.Cr.App., 458 S.W.2d 665, this court held that where the appellant voluntarily went before the jury at the penalty stage of the trial, in answer to his own counsel's questioning, admitted that he had made a mistake, and asked for mercy, that no Fifth Amendment right is violated, and by employing such trial strategy, appellant cannot question the sufficiency of the evidence or question the in-court identification of the prosecutrix.

In Boothe v. State, 474 S.W.2d 219 (1971), this court rejected appellant's contention of insufficient evidence to support possession of marihuana conviction where appellant testified at the penalty stage of the trial that he placed the three bags of marihuana in the building and possessed it as well as that in the car.

■ In the instant case, the appellant took the stand at the penalty stage of the trial and explained that his leg had been amputated; that he had experienced pain from same, and that his doctor had not prescribed any medicine to relieve the pain. It is apparent from appellant's testimony that he was attempting to mitigate the circumstances of the offense. The fact that the admission by the appellant that he possessed the heroin was in response to questions on cross-examination which were not improper *in view of appellant's testimony on direct* does not distinguish this case from the Richardson and Boothe cases. The appellant having voluntarily taken the stand at the penalty stage and admitted having heroin in his possession cannot question the lawfulness of the search wherein the heroin was seized. Further, we need not consider the validity of the search warrant because we have concluded that the officers were authorized to seize the heroin during a search incident to appellant's arrest.

■ Article 14.01, Vernon's Ann.C.C.P., provides that a law enforcement officer may arrest "an offender without a warrant for any offense committed within his presence or within his view." Article 725b, Sec. 2(c), V.A.P.C., makes it unlawful to possess a hypodermic syringe adapted for subcutaneous injection of narcotic drugs unless such syringe is possessed for a use authorized by a licensed physician. Officer Anderton testified that, upon approaching a motel room, he could see appellant through the window of the room sitting on the bed with a hypodermic syringe in his hand. Officer Anderton's testimony on this point was substantiated by Officer McMillan. The officers having made this

observation from a place where they had a right to be, they had probable cause to make a warrantless arrest of appellant. See Gil v. State, Tex.Cr.App., 394 S.W.2d 810; Capuchino v. State, Tex.Cr.App., 389 S.W.2d 296; Ponce v. Craven, 409 F.2d 691 (9th Cir. 1969), cert. denied, 397 U.S. 1012, 90 S.Ct. 1241, 25 L.Ed.2d 424.

■ The packets of heroin were found in appellant's hand. Thus, the scope of the search was within the limits required by Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). No error is shown.

■ Appellant contends that the State elicited prejudicial comments from a State's witness, McWethy, relating to the appellant being a criminal generally. The question and answer complained of are:

> "Q All right. You testified on cross-examination from defendant's counsel that you had told the intelligence section of the Dallas Police Department that if they were ever going out to visit Mr. Palmer you would like to go with them, that you had an interest in him. Is that correct?

> "A Yes, sir, that's correct.

> "Q What interest was that?"

The objection to the last question was sustained. The appellant had on cross-examination elicited the following testimony from U. S. Secret Service Agent McWethy:

> "Q How did you actually become involved in participating in the search that night?

> "A I called the intelligence division and advised them that we had an interest in Mr. Palmer and requested that if they had an occasion to arrest or search him, we would like to participate."

The State placed nothing in evidence but that which appellant had already elicited from the witness.

Appellant contends he was deprived of a fair trial when the State introduced copies of judgment, sentence and probation revocation against appellant at the punishment stage of the proceedings in violation of his rights under the Sixth and Fourteenth Amendments to the Constitution of the United States and under Article 1, Section 10 of the Texas Constitution, Vernon's Ann.St. The State introduced, without objection, evidence that appellant had been convicted in Van Zandt County in 1958, Cause No. 11,462, for burglary; a copy of the sentence which was probated on same date, and the order revoking said probation in 1960. The judgment of conviction recites that appellant was represented by counsel, but the order of revocation is silent as to counsel.

This court held in Gutierrez v. State, Tex.Cr.App., 456 S.W.2d 84, that the recitation in judgments that appellant was represented by counsel is binding upon him in the absence of direct proof to the contrary. See also Mason v. State, Tex.Cr.App., 459 S.W.2d 855.

■ In Taylor v. State, Tex.Cr.App., 470 S.W.2d 663, this court held that the trial court did not err in admitting into evidence at the penalty stage of trial certified copies of judgment and sentence which were silent as to whether defendant had been represented by counsel where no objection was urged at time documents were introduced and no claim was advanced that defendant was, in fact, deprived of counsel. See also Vera v. State, 473 S.W.2d 22, (1971). We find the court was not in error in allowing into evidence certified copies of the judgment, sentence and order revoking probation at the penalty stage of the trial when no objection to their offer was made by appellant.

■ Appellant's other contentions concern the introduction of evidence by the State at various stages of the trial. We have examined the record and find that no objection was raised by the appellant at the

time State offered the evidence and that complaint is made for the first time on appeal. Failure to object when evidence is offered precludes review by this court. Lopez v. State, Tex.Cr.App., 468 S.W.2d 365.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.