Roger Byron JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 44904.

Court of Criminal Appeals of Texas.

June 28, 1972.

Rehearing Denied Oct. 11, 1972.

---

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is taken from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: marihuana. Punishment was assessed by a jury at seventeen and one-half years.

Appellant challenges the validity of his conviction on three grounds: (1) that the trial court erred in allowing evidence to go before the jury which had been obtained as the result of an illegal search; (2) that the court erred in failing to charge the jury on the legality of the search under Article 38.23, Vernon's Ann.C.C.P.;[1] and (3) that the court erroneously allowed the prosecutor to question defense witnesses at the punishment hearing concerning "prior arrest of appellant where no issue was raised as to appellant's good reputation for being a peaceful and law abiding citizen."

The record reflects that on February 18, 1970, Officer J. A. Stroud of the Dallas Police Department was conducting a rou-

---

1. Article 38.23, V.A.C.C.P., provides: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

"In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

tine patrol in that city when he had occasion to arrest appellant for operating a motor vehicle with loud mufflers. When appellant left his car and approached the officer, Officer Stroud noticed that appellant appeared nervous, that his eyes were bloodshot, and that there was an object in appellant's pocket which created a bulge. Believing that this object might be a weapon, the officer reached in the pocket and retrieved a clear plastic package containing the marihuana in question.

■ Appellant took the stand in his own behalf and admitted that the vehicle which he was driving had a "loud muffler". He denied that he was nervous, that his eyes were bloodshot, or that the object in his pocket created a bulge. During cross-examination, he was asked:

"Q. Did you have some marijuana on you that night?

"A. That particular night?

"Q. Yes.

"A. Yes, I did."

In Bradley v. State, Tex.Cr.App., 478 S. W.2d 527, we held:

"This court has held many times that the legality of the search need not be considered when the defendant testifies to or otherwise produces evidence of the same facts or if such facts are in the record without objection. (Citations omitted)"

We adhere to our holding in Bradley v. State, supra. See also Mullane v. State, Tex.Cr.App., 475 S.W.2d 924; Palmer v. State, Tex.Cr.App., 475 S.W.2d 797.

■ Moreover, appellant's testimony that he was in possession of marihuana at the time he was arrested also constitutes a waiver of any right he might have had under Article 38.23, V.A.C.C.P., to submit a charge on the legality of the search to the jury. E. g., Spencer v. State, 154 Tex.Cr. R. 106, 225 S.W.2d 174.

With regard to appellant's contention concerning the allegedly improper cross-examination of defense witnesses at the punishment hearing, the record reflects that appellant's sister was called as a defense witness and was asked:

"Q. Are you familiar with Roger's reputation generally among the people he knows and lives among and your friends and family?

"A. Yes, Roger and his wife lived with us for three months, behind us in a trailer and my husband is a business man, in business for himself, and Roger was well liked by all of my husband's associates and friends. . . ."

During the state's examination of this witness, she was asked whether she had heard that appellant had been arrested on several occasions. The record then reflects that the following occurred:

"Q. (By Mr. Burnham) Now, that I have asked you about these arrests, would your opinion of your brother be the same as you testified a little earlier?

"A. Would my opinion?

"Q. Of his reputation?

"A. I am judging my observations over the past several years in which I have had close contact with my brother and with the people with whom I associate, my husband's associates, my neighbors and so forth and their opinions. Roger's reputation as far as those people are concerned is good."

■ Since appellant's sister testified to his good reputation, the state was properly allowed to cross-examine her as to whether she had heard of acts committed by appellant which were inconsistent with a good reputation in order to test her credibility as a witness and to enable the jury to properly weigh her testimony. See, e. g. Webber v. State, Tex.Cr.App., 472 S.W.2d 136.

There being no reversible error, the judgment is affirmed.