**Johnny William SHERIDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45165.**

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Nov. 8, 1972.

Haynes & Fullenweider, by Richard Haynes, Michael Ramsey, Robert B. Wallis, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and John B. Holmes, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana. Punishment was assessed by the jury at three years.

The record reflects that officers recovered a quantity of marihuana from appellant's residence in the 2300 block of Nicholson in Houston, on July 14, 1970.

Appellant contends the officers lacked probable cause to search his house and that without a showing of consent or pursuit and arrest, the Fourth Amendment precludes the search of a dwelling place without a warrant.

At the penalty stage of the trial, appellant took the stand in an apparent attempt

to mitigate the circumstances of the offense, and on direct examination, testified:

"Q  Do you deny the possession of the marihuana?

"A  No sir."

\*      \*      \*      \*      \*      \*

"Q  And you haven't denied it?

"A  No sir."

The appellant, having voluntarily taken the stand at the penalty stage and on direct examination admitted having marihuana in his possession, cannot question the lawfulness of the search wherein the marihuana was seized.  Palmer v. State, Tex.Cr.App., 475 S.W.2d 797.  See also Boothe v. State, Tex.Cr.App., 474 S.W.2d 219; Richardson v. State, Tex.Cr.App., 458 S.W.2d 665. In Bradley v. State, Tex.Cr.App., 478 S.W. 2d 527, it was said, "This Court has held many times that the legality of the search need not be considered when the defendant testifies to or otherwise produces evidence of the same facts or if such facts are in the record without objection."  See Jones v. State, Tex.Cr.App., 484 S.W.2d 745 (6/28/72).

The judgment is affirmed.

Opinion approved by the Court.