**Henry Clarence McKENZIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45277.**

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

Aubyn K. Shettle, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Michael P. Gibson, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, imposed by the court, sixty years imprisonment.

The appellant urges the insufficiency of the evidence identifying him as a participant in the commission of the offense and therefore challenges the sufficiency of the evidence to support the jury's verdict.

For the first time on appeal the appellant urges that his only identification as a participant in the offense was by a witness whose trial identification was tainted by a pretrial lineup. Since no objection to the identification of the appellant was made during the trial, this alleged ground of

**66**

error was not preserved.[1] Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969); Taylor v. State, 474 S.W.2d 207 (Tex.Cr. App.1971); Garcia v. State, 472 S.W.2d 784 (Tex.Cr.App.1971); Jones v. State, 471 S.W.2d 413 (Tex.Cr.App.1971) and see 12 Tex. Digest, Criminal Law, 

Even though no objection appears in the record, the trial court conducted a hearing out of the presence of the jury and made written findings that the witness's trial identification was not tainted by a pretrial lineup.

 Any objection the appellant may have had was also waived when he testified at the punishment phase of the trial and made a judicial confession of the offense with which he was charged. Richardson v. State, 458 S.W.2d 665 (Tex.Cr.App. 1970); Boothe v. State, 474 S.W.2d 219 (Tex.Cr.App.1971); Palmer v. State, 475 S.W.2d 797 (Tex.Cr.App.1972) and Sheridan v. State, Tex.Cr.App., 485 S.W.2d 920 (1972).

 The evidence is sufficient to support the jury's verdict.

In the remaining ground of error, the appellant asserts an "error of the trial court below in failing and refusing to grant the request of the jury to have certain pertinent testimony of the State's key witness read during its deliberation of its verdict on guilt or innocence."

 Notes purporting to be the request of the jury to have read certain testimony appear in the record. The record does not reflect whether or not the desired testimony was read to the jury and no objection was made to the record. Nothing is presented for review. Verret v. State, 470 S.W.2d

883 (Tex.Cr.App.1971) and Lipscomb v. State, 467 S.W.2d 417 (Tex.Cr.App.1971).

The judgment is affirmed.

Opinion approved by the Court.

---

1. If any objection to the lineup procedure had been made, we would be unable to determine whether Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) or United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) would apply, because the record does not disclose whether the appellant had been formally charged with any criminal offense before the lineup was held. It was held less than twenty-four hours after the offense was committed.