Eunice Marvina WASHINGTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46976.

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Travis Johnson, Houston (On appeal only), for appellant.

Carol Vance, Dist. Atty., James C. Brough, Sam Adamo, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

Appellant was convicted of keeping a bawdy house and the jury assessed her punishment at a fine of $200 and twenty days' confinement.

It was shown by appellant's testimony that she was the operator of "Dee's Health Studio & Photography" located in or near the town of Spring in Harris County, where she had three women employees who performed services for her clientele. Two of the employees were called as witnesses by appellant. As we understand the record, when a patron appeared at the "studio", he was shown a book of photographs of the several women employees, they being either very scantily dressed or nude and, in two instances, in lewd positions with males. The patron would make his selection of the employee from the album and make his financial arrangements with appellant, $20 being the usual fee for the services of the model. These services included a massage (as a witness described it, a "back rub"), or the loan of a Polaroid camera with one roll of film and the privilege of photographing one of the employees in a nude or semi-nude condition; or painting upon the nude body of the model. The fee was divided between appellant and the employee equally.

According to the constable of the area, he had learned of the activities at appellant's place and one McLemore, a special deputy who had visited the place before, was sent there to procure evidence. According to McLemore, he entered appellant's place, was shown the album of photographs, selected one Janet Jackson therefrom, paid appellant twenty dollars, and

had an act of intercourse with Miss Jackson in a room provided by appellant. Miss Jackson denied ever having seen McLemore or having engaged in any sexual acts upon appellant's premises at any time. Appellant and the other employee who testified admitted that McLemore had been upon the premises one or more times but denied that any acts of prostitution had occurred.

The next day, Constable Moore, accompanied by his deputy Redwine, executing an arrest warrant, arrested appellant at the place of business and seized the photo album which was "in plain view" upon a table in one of the rooms.

McLemore identified the album as being the one shown to him by appellant, identified the photograph of Miss Jackson therein, and testified that he made his "selection" therefrom just prior to his having had intercourse with Miss Jackson. Appellant objected to the admission of the album on the grounds that it had been obtained "by illegal search and seizure" and was not admissible. The objection was overruled and this action forms the basis of the first ground of error.

■ The complaint is without merit. Appellant having taken the stand in both the guilt-innocence and penalty stages of the trial and having admitted having possession of the album, she cannot now question the lawfulness of the search wherein the album was seized. Sheridan v. State, 485 S.W.2d 920, 921 (Tex.Cr.App.1972), and cases therein cited. See also, McKenzie v. State, 487 S.W.2d 65, 66 (Tex. Cr.App.1972); Brown v. State, 487 S.W.2d 86, 87 (Tex.Cr.App.1972).

■ In argument under the first ground of error, appellant contends that "the album could not have been seized as the result of even a legal search" since it was not a weapon, narcotic, or "seizurable [sic] contraband of any kind." The contention is without merit. Cork v. State, 362 S.W. 2d 316, 318 (Tex.Cr.App.1962). Ground one is overruled.

■ In her second ground of error, appellant contends that the trial court "committed reversible error by continually commenting upon the weight of the evidence" and refers to five such claimed instances in the record. Obviously, the point is multifarious and presents nothing for review. Smith v. State, 481 S.W.2d 886, 888 (Tex. Cr.App.1972), and authorities therein cited. See also Battiste v. State, 485 S.W.2d 781, 782 (Tex.Cr.App.1972).

■ Even the one specific instance which is quoted in appellant's brief ("She is about to answer it before you finish your question, Mr. Gibbons") presents no error. Appellant tendered as a witness one of her employees in the place of business, Shirley Owens, who was examined by appellant's counsel on direct examination. Counsel started to propound an involved and convoluted question of the witness obviously aimed at eliciting an answer that she had never engaged in prostitution on appellant's premises.

The witness interrupted and began her answer; State's counsel objected to the unfinished question as being leading and the court ruled: "Sustained. She is about to answer it before you finish your question, Mr. Gibbons." Whereupon, counsel replied: "I am awful fortunate."

■ Failure to object at the time of the occurrence precludes review by this Court. Palmer v. State, 475 S.W.2d 797, 800 (Tex.Cr.App.1972). No error is shown and ground two is overruled.

■ Finally, appellant claims that her constitutional rights to a fair trial were violated because the jury had knowledge that Janet Jackson had been convicted of prostitution although the conviction was not final. From the record references made, we learn that the trial court had another jury deliberating while taking testimony in the case at bar. The deliberating jury reported twice during the trial of appellant's case, forcing an interruption of her trial since there was only one courtroom or jury box. Each time, the jury trying appellant's case was retired, and the record does not indicate that it acquired any knowledge of the proceedings in the other case.

Only from statements of counsel, without support in the record, do we learn that this other jury was considering the case of Janet Jackson, a witness tendered by appellant herein. There was no formal proof made of such fact, if it was a fact, nor does our record indicate that the jury in appellant's case learned that Janet Jackson was convicted in the other case.

As was said in Devereaux v. State, 473 S.W.2d 525, 527 (Tex.Cr.App.1971): "We cannot accept as facts allegations in appellant's brief which are not supported by the record." *Accord*: Aguero v. State, 476 S. W.2d 672, 673 (Tex.Cr.App.1972); Jones v. State, 478 S.W.2d 937, 938, fn. 1 (Tex. Cr.App.1972). Appellant has not shown error by the record and ground three is overruled.

The judgment is affirmed.

Opinion approved by the Court.