**Kenneth Ray ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66362.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 25, 1981.

Ronald N. Hayes, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus, and Michael T. McSpadden, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a revocation of probation. After a plea of guilty to theft of a truck, the court assessed punishment at seven years. Imposition of the sentence was suspended and appellant placed on probation. Five months later, a motion to revoke probation was filed by the State alleging that appellant had committed the offense of theft. Following a hearing, the trial court entered its order revoking appellant's probation, reformed the judgment and sentenced appellant to four years in the Texas Department of Corrections.

In his sole ground of error, appellant contends that the trial court erred in failing to suppress evidence which was seized at the time of his arrest. We agree and reverse.

Officer K. W. Budd testified that he arrested appellant at around one o'clock in the morning of September 6, 1979, on the parking lot of a Monterey House restaurant. While on routine patrol, Officer Budd and his partner observed appellant get out of a car and walk toward the rear of the Monterey House, which was closed. He then testified that he stopped the appellant, inquired as to what he was doing, and conducted a patdown which revealed a small crescent wrench in appellant's hip pocket. At that point, Officer Budd placed appellant under arrest for "trespass."

After placing the appellant under arrest, Budd testified that an inventory search was made of appellant's car, located approximately 150 feet from the spot of the arrest. At that time, a small box containing a checkbook, some rings and a gold chain was discovered which, it was later shown, had been stolen in a burglary some four days before. It was the appropriation of these items which formed the basis for the motion to revoke.

Appellant took the stand in his own behalf. He testified that he had pulled into the Monterey House parking lot to use the telephone which was located at the driveway entrance; that when he was unable to complete the call he went behind the restaurant to relieve himself; and that when he was walking back to try to call again he was stopped by the police officer.

The State contends that since appellant's arrest was supported by probable cause, his ground of error should be overruled. Citing *Amorella v. State*, 554 S.W.2d 700 (Tex.Cr. App.1977), the State correctly contends that the officer had authority to stop and investigate. But unlike *Amorella*, where the defendant had an outstanding arrest warrant, the facts before us did not evolve into probable cause.

V.T.C.A., Penal Code, Section 30.05, provides in part:

"(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

"(1) had notice that the entry was forbidden; or

"(2) received notice to depart but failed to do so.

"(b) For purposes of this section:

"(1) 'Entry' means the intrusion of the entire body; and

"(2) 'Notice' means:

"(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

"(B) fencing or other enclosure obviously designed to exclude intruders; or

"(C) signs posted to be reasonably likely to come to the attention of the intruders."

The record before us is void of any evidence that the appellant had "notice" as defined by Section 30.05, supra. The arrest

of appellant not being supported by probable cause, the evidence seized as the result of the search of his automobile incident thereto was illegal, and the fruits of that search should not have been admitted in evidence. *Baldwin v. State*, 606 S.W.2d 872 (Tex.Cr.App.1980). See also *Shaffer v. State*, 562 S.W.2d 853 (Tex.Cr.App.1978).

The judgment is reversed and the cause remanded.