**Mary Sue SMYTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61769.**

Court of Criminal Appeals of Texas, En Banc.

June 23, 1982.

William A. Bratton, III, Dallas, for appellant.

Henry Wade, Dist. Atty. & Steve Wilensky and Martin Lenoir, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

Our prior opinions are withdrawn.

The county criminal court found the appellant guilty of possession of a usable quantity of marihuana in an amount of less than 2 ounces, and assessed a punishment of 30 days' confinement (probated for 6 months) and a $150 fine. The appellant's only ground of error is that testimony about the marihuana should have been excluded, since it was the fruit of an illegal arrest.

On May 8, 1978, Irving Police Officer Weeger noticed that the appellant had stopped her car at an intersection, but that no brake lights came on. Weeger stopped the appellant "[t]o advise her that the light was out." He did not give her a ticket or arrest her, but he did "get her driver's license and made a check on our NCIC computer for possible warrants." The computer showed that there was an outstanding "warrant" (actually a capias) number 77–2326–E from Dallas County for "PWC

theft."[1] Weeger then arrested the appellant, and the record is quite clear that the arrest was based on the report of an outstanding "warrant."

Officer Hutchinson arrived to "back up" Weeger while Weeger took the appellant to the jail. He testified:

After Officer Weeger placed the defendant under arrest I ordered a Walnut Hill city contract wrecker to come and pick up the vehicle since there was no one there to release the car to. I made an inventory search. It's department policy that we do this on each car. During this time I was making a list of all the valuables in her car; going through it, I went through the console and found a baggie of marijuana in the console.

It is quite clear that the impoundment and inventory of the automobile were the result of the arrest of the appellant on the theft capias.

■ The question is whether Hutchinson's testimony that he found a usable quantity of marihuana in the appellant's automobile was the fruit of a violation of "[t]he right of the people to be secure in their ... effects against unreasonable searches and seizures...."[2] "In applying the reasonableness standard adopted by the Framers, this Court has consistently sustained police intrusions into automobiles impounded or otherwise in *lawful* police custody where the process is aimed at securing or protecting the car and its contents." *South Dakota v. Opperman*, 428 U.S. 364, 373, 96 S.Ct. 3092, 3099, 49 L.Ed.2d 1000 (1976) (emphasis added). An automobile may be impounded if the driver has been removed from it and placed under custodial arrest, and if there is a reasonable connection between the arrest and the vehicle, and if no alternative to impoundment is available to insure the protection of the vehicle. *Benavides v. State*, 600 S.W.2d 809, 811 (Tex.Cr. App.1980). But if the arrest was unlawful, of course the fruits of the impoundment and inventory which were the result of the arrest may not be admitted into evidence. *Anderson v. State*, 612 S.W.2d 564 (Tex.Cr. App.1981). The admissibility of the fruits of this impoundment and inventory, therefore, depends on the lawfulness of Weeger's arrest of the appellant.

■ Weeger arrested the appellant on a report that there was an outstanding "warrant" (capias) for her arrest. Officers are entitled to rely on a valid warrant obtained by another officer, but if the warrant is invalid, so too will be the arrest. *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). The same is true of a misdemeanor capias. *Knox v. State*, 586 S.W.2d 504 (Tex.Cr.App.1979). The lawfulness of this arrest, therefore, will depend on the validity of the capias.

Before a capias may issue validly, the Fourth Amendment requires that a neutral and detached magistrate make a determination, based on sufficient information to support his independent judgment, that probable cause exists for the capias. *Knox v. State*, 586 S.W.2d 504 (Tex.Cr.App.1979).

■ In this case, the capias was issued by the deputy clerk of a county criminal court,[3] on nothing more than the filing of a conclusory affidavit,[4] which did not indicate any

1. There was no testimony about the meaning of "PWC", but certain information on the back of the capias implies that the alleged theft was based on the passing of a worthless check.

2. U.S.Const.Amend. IV.

3. On the question of when a clerk's issuing a capias can pass constitutional muster, see *Shadwick v. City of Tampa*, 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972); *Knox v. State*, 586 S.W.2d 504, 506 (Tex.Cr.App.1979) (Roberts, J., concurring).

4. "PERSONALLY APPEARED before me the undersigned authority this affiant, who after being by me duly sworn, deposes and says your Affiant has good reason to believe and does believe that one MARY SUE SMYTH hereinafter styled Defendant, heretofore, on or about the 18th day of December, A.D., 1976 in the County of Dallas and State of Texas, did unlawfully and knowingly exercise control over property other than real property, to-wit: current money of the United States of America, of the value of at least $5.00 but less than $20.00, without the effective consent of Mary Borchardt, the owner thereof, and with intent to deprive the said owner of said property."

source of the affiant's belief or supply information to support an independent finding of probable cause. The capias was not valid, and the arrest was unlawful. *Knox v. State*, 586 S.W.2d 504 (Tex.Cr.App.1979). The arrest having been unlawful, the fruits of the impoundment and inventory which followed should have been excluded on the appellant's objection.

The State makes an alternative argument that the appellant "waived" the error when she testified, "Yes," to this question at the punishment stage of the trial: "I have just one question. Did you know the marijuana was in the car?"

█ The State relies on *Warren v. State*, 514 S.W.2d 458 (Tex.Cr.App.1974), wherein (at 464) the rule is stated, "The legality of a search need not be considered when the defendant testifies to or otherwise produces evidence of the same facts. . . ." The appellant's testimony in this case was not "the same facts" as the evidence which was the fruit of the illegal seizure. Her testimony, at most, was evidence that she knowingly possessed marihuana. The objectionable testimony of Officer Hutchinson included his evidence that the marihuana which he illegally seized was of a usable quantity, which was an essential element of the offense.[5] *LeJeune v. State*, 538 S.W.2d 775 (Tex.Cr.App.1976). There was no other proof of this element. The appellant's testimony did not cure the error of admitting Hutchinson's objectionable testimony.

The judgment is reversed and the cause is remanded.

TEAGUE, Judge, dissenting.

But for the law as it presently exists in the State of Texas, I would agree with Judge Roberts' conclusion that the appellant's arrest was unlawful, thereby rendering inadmissible into evidence the fruits of the impoundment and inventory which fol-

lowed. However, because of the doctrine of stare decisis, I must respectfully dissent to his opinion.

This Court has in the past applied the doctrines of curative admissibility and waiver of error to the guilt stage of the trial, with evidence and testimony adduced at the punishment stage of the trial. See, for example, *Richardson v. State*, 458 S.W.2d 665 (Tex.Cr.App.1970); *Boothe v. State*, 474 S.W.2d 219 (Tex.Cr.App.1972); *Palmer v. State*, 475 S.W.2d 797 (Tex.Cr.App.1972); *Sims v. State*, 502 S.W.2d 730 (Tex.Cr.App.1973); *Washington v. State*, 500 S.W.2d 485 (Tex.Cr.App.1973); *Moulton v. State*, 486 S.W.2d 334 (Tex.Cr.App.1972); *Sheridan v. State*, 485 S.W.2d 920 (Tex.Cr.App.1972); *Bradley v. State*, 478 S.W.2d 527 (Tex.Cr.App.1972); *Jones v. State*, 484 S.W.2d 745 (Tex.Cr.App.1972); *Hunnicutt v. State*, 531 S.W.2d 618 (Tex.Cr.App.1976); *Warren v. State*, 514 S.W.2d 458 (Tex.Cr.App.1974); *McKenzie v. State*, 487 S.W.2d 65 (Tex.Cr.App.1972); *Creel v. State*, 493 S.W.2d 814 (Tex.Cr.App.1973); *Lasker v. State*, 573 S.W.2d 539 (Tex.Cr.App.1978); and see also *Brown v. State*, 617 S.W.2d 234 (Tex.Cr.App.1981). Cf. *Thomas v. State*, 572 S.W.2d 507 (Tex.Cr.App.1978).

By the above authorities, it should not be questioned by anyone that under Texas law as it exists at this time the appellant through her testimony given at the punishment stage of the trial foreclosed herself from raising in her appeal her contention that her arrest was unlawful, and that the resulting inventory and impoundment of her vehicle was also unlawful. The efforts by a majority of this Court, through Judge Roberts, to write around the above cases, though understandable, are for naught because the appellant's testimony converted the cause from one involving the legality of her arrest to one involving the sufficiency of the evidence. The majority's efforts to

---

**5.** "Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a usable quantity of marijua-

na." Texas Controlled Substances Act (V.A.C. S.Art. 4476–15), Sec. 4.05(a).

make a distinction between the appellant's response to the prosecutor's question that she knew the marihuana was in the vehicle and Officer Hutchinson's testimony that the marihuana he seized was of a usable quantity, by saying that these statements are not the equivalent of one another, are at best an effort without any real meaning.*

I, therefore, respectfully dissent.

DALLY, W. C. DAVIS, and McCORMICK, JJ., join in this opinion.

---

* I personally believe that the above cases, which prevent the appellant from raising in her appeal the issue concerning her arrest and the inventory and impoundment of her vehicle, should be overruled. However, because of stare decisis, and until they are overruled, I am bound to adhere and recognize them. The majority of this Court as it is presently constituted has not seen fit to overrule those cases or the principles of law they state concerning curative admissibility or waiver of error. The present rule of law is a harsh one indeed and effectively prevents a defendant from testifying at the punishment stage of his trial. But that is the law and I am bound to follow that law until it is changed, and regardless of my personal feelings I shall do.