Felipe GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–85–438–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Sept. 30, 1986.

Second Rehearing Denied Oct. 9, 1986.

Larry Warner, Port Isabel, Timoteo E. Gomez, Brownsville, for appellant.

Ben Euresti, Jr., Cameron County Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

Appellant appeals his conviction for the offense of aggravated sexual assault. TEX.PENAL CODE ANN. § 22.021(a)(5) (Vernon Supp.1986). Punishment was assessed by the jury at thirty years' imprisonment and a $5,000 fine. The indictment alleged appellant engaged in six different sexual acts with his ten-year-old stepdaughter. See TEX.PENAL CODE ANN. §§ 21.-11(a)(1), (2); 22.011(a)(2)(A), (B), (C) (Vernon Supp.1986). The State subsequently elected to proceed on one of the sodomy allega- tions in the indictment. Appellant now brings seven grounds of error. We affirm the conviction.

In his second, third, fourth and fifth grounds of error, appellant urges trial court error in admitting prejudicial hearsay and in overruling his objections to the reference to a separate extraneous offense in the State's opening argument and case-in-chief. Appellant did not testify at the guilt/innocence phase of the trial, but he did take the stand at the penalty phase in an attempt to mitigate the circumstances of the offense. Appellant admitted he "had a problem" and requested that the jury give him probation. He admitted he was guilty as charged in the indictment on direct examination, cross-examination and re-direct examination. His counsel admitted his guilt in jury argument.

It has long been held that, when a defendant testifies for the first time at the penalty stage and admits his or her guilt of the offense charged, that defendant may not later complain of the sufficiency of the evidence to support the conviction or of error in the guilt stage of the trial. *Gordon v. State*, 651 S.W.2d 793, 793 (Tex. Crim.App.1983); *Reeves v. State*, 566 S.W.2d 630, 633 (Tex.Crim.App.1978); *Dugger v. State*, 543 S.W.2d 374, 377 (Tex. Crim.App.1976); *Hunnicutt v. State*, 531 S.W.2d 618, 622 (Tex.Crim.App.1976); *Garcia v. State*, 522 S.W.2d 203, 205 (Tex.Crim. App.1975); *McKenzie v. State*, 487 S.W.2d 65, 66 (Tex.Crim.App.1972); *Sheridan v. State*, 485 S.W.2d 920, 921 (Tex.Crim.App. 1972); *Palmer v. State*, 475 S.W.2d 797, 798 (Tex.Crim.App.1972); *Mullane v. State*, 475 S.W.2d 924, 926 (Tex.Crim.App. 1972); *Boothe v. State*, 474 S.W.2d 219, 221 (Tex.Crim.App.1972); *Richardson v. State*, 458 S.W.2d 665, 666 (Tex.Crim.App.1970); *Hunt v. State*, 625 S.W.2d 405, 410 (Tex. App.—San Antonio 1981, pet. ref'd). Even if the grounds complained of were found to require reversal, appellant's testimony, constituting a judicial confession, could be introduced in the event of another trial. *Reeves*, 566 S.W.2d at 633; *Boothe*, 474

S.W.2d at 221. Grounds of error two, three, four, five, and seven are overruled.

■ In his first ground of error, appellant complains of a fatal variance between the evidence regarding the name of the victim and the name alleged in the indictment. The indictment alleges the victim's name to be A.R. Garcia. The evidence shows her surname on her birth certificate to be M\_\_\_\_. The evidence also shows that M\_\_\_\_ is her father's surname, Garcia is her stepfather's (appellant's) surname, and she is known by both surnames. Appellant also admitted that he committed the act alleged against A.R.G. If the victim was known by her father's surname and her stepfather's surname, an indictment which uses her stepfather's surname is sufficient. *Ambrose v. State*, 145 Tex.Cr.R. 1, 165 S.W.2d 188, 191 (1942).

■ Appellant complains of reversible error in his sixth ground of error because of the prosecution's improper jury argument at the penalty stage. Appellant testified that he had been a law-abiding citizen all his life, except with regard to this one area, child abuse. He stated he realized he had a problem and he was sorry for what he had done. If the jury were to grant him probation, he promised he would faithfully abide by any terms that were required of him.

During jury arguments, the prosecutor made the following statements:

> You have heard him testify. I think that you can summarize from the testimony that he is just telling you what is good for the moment, for now. *I think he is not telling you the truth.*
> * * * * * *
> I would submit to you right now this individual, Felipe Garcia, should not get probation, and I would suggest to you at this time a term of 35 years in the Texas Deparment of Corrections, ... (emphasis ours).

Appellant made no objection to these remarks.

It is improper for the prosecutor to express to the jury his opinion of the defend-

ant's veracity. *See Welch v. State*, 677 S.W.2d 562, 565 (Tex.App.—Eastland 1984, pet ref'd). However, to perfect a complaint of improper prosecutorial jury argument, the defendant must make a timely objection at trial if the objection could have cured the harm. *Short v. State*, 681 S.W.2d 652, 656 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd).

Appellant argues that the improper argument in this case is the type that is so prejudicial that it is incurable and a reversal is required even in the absence of an objection. We disagree. An improper argument is not reversible unless, in light of the entire record, it is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused. *Moreno v. State*, 678 S.W.2d 249, 252 (Tex.App.—Corpus Christi 1984, pet ref'd).

The prosecutor's cross-examination of appellant revealed that, although appellant promised to abide by any probationary terms set, he really had no idea of what would be required of him. Based on the entire record, we find that the improper argument, in the context of this case, is of the type that harm could have been cured by an instruction to disregard. The comment was not manifestly improper, nor was it made repeatedly. Appellant's grounds of error are overruled.

The judgment of the trial court is affirmed.

### OPINION ON APPELLANT'S MOTION FOR REHEARING

■ Appellant argues, in his second motion for rehearing, that our original opinion erroneously held that a defendant who testifies at the penalty phase of a trial may not obtain a review of the sufficiency of the evidence used to convict him. Our opinion is based on the well-established rule in Texas that if a defendant testifies only in the penalty phase of the trial and judicially confesses committing the offense as charged in the indictment, he waives review of the sufficiency of the evidence on

appeal. This is true because the judicial confession alone is sufficient to support the conviction.

It is not necessary for us to consider *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), cited by appellant, because of the lack of relevance of those cases to the issues herein.

Appellant's second motion for rehearing is also overruled.