**Gerald Joseph POST, Appellant,**

v.

**The STATE of Texas.**

**Nos. 2–95–123–CR to 2–95–126–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 24, 1996.

Rehearing Overruled Jan. 16, 1997.

---

Cynthia Viol, Arlington, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Charles M. Mallin, Edward

L. Wilkinson, Barry Shelton, and Peter Keim, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Before CAYCE, C.J., and SHIRLEY W. BUTTS, (Retired) and H. BRYAN POFF, JJ. (Sitting by Assignment).

## OPINION

H. BRYAN POFF, Justice (Assigned).

Appellant Gerald Joseph Post was tried by a jury on four indictments, each charging him with aggravated robbery. The jury found appellant guilty of all four aggravated robberies and assessed his punishment at forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice on each of the four guilty verdicts. Appellant perfected his appeal and in seven points of error, he contends the court committed reversible error.

In points of error one and two, appellant contends that the court erred in denying his challenge for cause to certain venirepersons.. In point of error number three, appellant further contends the court erred in comments it made to the jury during voir dire. In point of error number four, appellant claims the court erred in denying his motion to suppress evidence seized as a result of a search incident to a warrantless arrest. In points of error numbers five, six, and seven, appellant contends the court erred in failing to suppress identification evidence offered by three of the State's witnesses.

Points of error three, four, five, six, and seven are overruled. Points of error one and two are sustained, and the case is remanded for a new trial on the issue of punishment.

Our factual summation will be limited to the facts surrounding the voir dire and the defendant's admission, during the punishment phase of trial, that he was guilty of the four aggravated robberies as charged. As noted, appellant was tried before a jury for four aggravated robberies. Before trial, appellant filed his motion to have the jury assess punishment and he filed an application for probation in each case. In its introductory remarks before voir dire, the court informed the jury that the law required the jurors to consider the full range of punishment, including probation.

The State, during its voir dire, informed the jury that appellant was on trial for four aggravated robberies and that he was eligible for probation on each case. None of the venirepersons indicated that they could not consider probation. During the appellant's voir dire, however, venirepersons 32 and 35 spoke up and said they could not consider probation in a case involving multiple aggravated robberies. One other venireperson, who is not the subject of this appeal, also spoke up and said he could not consider probation for a defendant he had found guilty of multiple aggravated robberies.

The trial court then interrupted appellant's voir dire and once again instructed the jury concerning probation. The court then inquired of the entire panel whether or not they could follow their oath and consider probation in an aggravated robbery case. The court asked anyone on the panel who could not follow their oath to raise their hand. Venirepersons 32 and 35 did not raise their hands. No further discussion was had with venirepersons 32 and 35 concerning their expressed inability to consider probation in appellant's case.

At the conclusion of the voir dire, appellant challenged venirepersons 32 and 35 on the grounds that they could not consider the full range of punishment in his case. The court denied the challenges, and appellant was compelled to use two of his peremptory challenges to strike venirepersons 32 and 35. Appellant used all ten of his peremptory challenges and requested additional challenges. The request was denied. Appellant then identified for the record by name and number the objectionable jurors seated as a result of the court's denial of his challenges for cause and his request for additional peremptory challenges.

◼ In his first two points of error, appellant contends the court erred in denying his challenges for cause to venirepersons 32 and 35 because they had expressed a bias or prejudice against the law upon which the defense was entitled to rely. Specifically, in point of error number one, appellant alleges

that venireperson 35 said that she could not consider probation in his case. In point of error number two, appellant makes the same contention concerning venireperson number 32.

 A defendant is entitled to have jurors who can consider the full range of punishment applicable to his case. *Fuller v. State,* 829 S.W.2d 191, 200 (Tex.Crim.App. 1992), *cert. denied,* 508 U.S. 941, 113 S.Ct. 2418, 124 L.Ed.2d 640 (1993). A defendant therefore has a right to challenge any venireperson who cannot consider the minimum punishment. TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(2) (Vernon Supp.1996); *Westbrook v. State,* 846 S.W.2d 155, 160 (Tex. App.—Fort Worth 1993, no pet.). Generally, where it is clear from the responses that a juror is unable to consider the full range of punishment, he is deemed biased as a matter of law, and a challenge for cause should be granted. *Cooks v. State,* 844 S.W.2d 697, 709 (Tex.Crim.App.1992), *cert. denied,* 509 U.S. 927, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993). The record clearly reflects that venirepersons 32 and 35 expressed their inability to consider probation for a person whom they had found guilty of committing multiple aggravated robberies.

The State contends that even though venirepersons 32 and 35 said they could not consider probation for a defendant who was convicted of multiple aggravated robberies, that these answers were given before they had been instructed on the law, and therefore the answers could not reflect a bias against the law. The State notes that a trial court does not err in overruling a challenge for cause based upon a venireperson's answers concerning issues or laws about which the venireperson has not yet been instructed. *Garcia v. State,* 887 S.W.2d 846, 856–57 (Tex. Crim.App.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995); *Teague v. State,* 864 S.W.2d 505, 513 (Tex. Crim.App.1993). Such cases are fact specific, and we cannot agree with the State that the facts in appellant's case involved responses made by an uninformed or misinformed venireperson. The record reflects that before the response by venirepersons 32 and 35, the court, the State's attorney, and the appel-

lant's attorney had informed the panel regarding the minimum punishment prescribed for aggravated robbery.

The State also contends that even if the venirepersons' answers were made after they were informed of the law, their testimony as a whole reflects that they could set aside their views about probation for multiple offenders, follow their oath, and consider probation in appellant's case. The State contends bias as a matter of law was not shown because during its portion of the voir dire, neither venireperson 32 nor 35 responded to the State's question regarding probation in aggravated robbery cases.

 If bias and prejudice are not established as a matter of law, all of the venireperson's answers must be reviewed to determine whether the challenged venireperson could set aside their views and follow the law and their oath. *Burks v. State,* 876 S.W.2d 877, 893 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995); *Williams v. State,* 773 S.W.2d 525, 536–37 (Tex.Crim.App.1988), *cert. denied,* 493 U.S. 900, 110 S.Ct. 257, 107 L.Ed.2d 207 (1989). The trial court's determination of bias is a factual finding, and the standard of review is abuse of discretion. *Little v. State,* 758 S.W.2d 551, 556 (Tex.Crim.App.), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988); *Burks,* 876 S.W.2d at 893. In determining abuse of discretion, the appellate court reviews all of the venireperson's answers to determine if they support the trial court's implied finding that the venireperson's views would not substantially impair the performance of his or her duties as a juror in accordance with the juror's oath. *Burks,* 876 S.W.2d at 893; *Fuller v. State,* 827 S.W.2d 919, 924 (Tex.Crim.App.1992), *cert. denied,* 509 U.S. 922, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1993). We will review all the answers given by venirepersons 32 and 35 to determine whether their view of the range of punishment amounts to bias or prejudice against the law.

Looking at all the venirepersons' answers, the State concludes that the venirepersons' "responses" after the trial court interrupted appellant's voir dire and reinstructed the entire jury panel concerning probation, "indi-

cated" that the venirepersons would consider probation in cases in which the defendant had been found guilty of aggravated robbery. Neither the State nor the court directly questioned venirepersons 32 and 35. The "responses" the State contends the venirepersons made were their failure to raise their hands when the court asked for any members of the panel to raise their hand if they could not follow their oath and consider probation in an aggravated robbery case. The State thus concludes that the court, seeing no hands, was convinced that venirepersons 32 and 35 could set aside their view that probation was inappropriate in multiple aggravated robbery cases, and they could follow their oath and consider probation. This appears to be a rather broad reading of this action, but the State contends that the venirepersons, by their failure to raise their hands, had indicated their rehabilitation and their ability to consider probation in appellant's case. Our examination of the record raises questions concerning the State's conclusion.

■ First as noted by the State in its brief, venirepersons 32 and 35 were never questioned individually after they said they could not consider probation. They were never asked if they could set aside their beliefs against probation for persons convicted of multiple aggravated robberies and consider probation in such cases. The ability to set aside one's beliefs and follow the law is the true test of whether a juror has been rehabilitated. *See Adami v. State*, 524 S.W.2d 693, 700 (Tex.Crim.App.1975) (juror who stated that she would follow the court's instructions "whether she liked it or not" adequately rehabilitated); *Wilson v. State*, 633 S.W.2d 952, 958 (Tex.App.—El Paso 1982, no pet.) (juror who stated that she could "put aside her relationships to the police and decide the case on the evidence and the law charged by the court" adequately rehabilitated). Once the appellant elicited from venirepersons 32 and 35 the fact that they could not consider probation in his case, it became the duty of the State to rehabilitate the venirepersons. This the State did not attempt to do, because, we assume, it believed the court, through its explanation of probation and its questions, had rehabilitated the venirepersons.

■ The court may intervene in voir dire for the purpose of clarification or in order to expedite the proceedings. It is not the court's function to rehabilitate venirepersons. It is the court's function to judge the qualifications of the potential jurors, not to qualify the jurors. The court may ask questions in order to clarify a juror's position or instruct a juror. *Gardner v. State*, 733 S.W.2d 195, 210 (Tex.Crim.App.1987), *cert. denied*, 488 U.S. 1034, 109 S.Ct. 848, 102 L.Ed.2d 979 (1989). A court's comments, however, become erroneous when they are reasonably calculated to benefit the State or prejudice the defendant. *Id.; Enriquez v. State*, 429 S.W.2d 141, 144 (Tex.Crim.App. 1968). We do not find that the court erroneously interfered in the voir dire process as appellant alleges in his third point of error. However, we also do not find that the court's instructions concerning probation and its inquiry of the panel as a whole concerning probation served to rehabilitate venirepersons 32 and 35.

We reach this conclusion because the court's inquiry regarding the panel's ability to consider probation did not address the factors underlying the beliefs of venirepersons 32 and 35 that prevented them from considering probation in appellant's case, i.e., the fact that appellant was on trial for four aggravated robberies. As noted by appellant in his brief, the record does not reflect that either venireperson 32 or 35 ever said they could not consider probation in an aggravated robbery case. Thus, when the court asked for any venireperson who could not consider probation in an aggravated robbery case to raise their hand, venirepersons 32 and 35 did not raise their hands. This is consistent with their belief that probation is appropriate in aggravated robbery cases, and it is not inconsistent with their belief that probation is not appropriate in multiple aggravated robbery cases. Both venirepersons clearly and unequivocally told appellant's counsel that they could not consider probation for a defendant they found guilty of multiple aggravated robberies. We therefore cannot agree that by failing to raise their hands, the venirepersons recanted their

answers that they could not consider probation in a multiple aggravated robbery case.

Examining their entire testimony, we find nothing in the record indicating that venirepersons 32 and 35 changed their mind and decided they could consider probation in cases of multiple aggravated robberies. The venirepersons were therefore unable to consider the entire range of punishment in appellant's case, and the court abused its discretion and erred when it overruled appellant's challenge for cause to venirepersons 32 and 35. Due to the court's error, appellant was forced to use peremptory challenges to strike venirepersons 32 and 35. Appellant used all his peremptory challenges and requested additional challenges. The request was denied and appellant found it necessary to accept certain objectionable jurors, which he noted for the record by name and number. Because of the erroneous ruling on the challenges for cause and the seating of jurors objectionable to the appellant, the judgment must be reversed.

■■■ The State contends that if reversal is mandated, the court should remand the case for trial only on the issue of punishment. The State argues that because the appellant admitted his guilt at the punishment phase of the trial, there is no need to retry the issue of guilt/innocence, because appellant waived any error at that phase of the trial. The State bases this contention on the doctrine of waiver expressed in *DeGarmo v. State*, 691 S.W.2d 657 (Tex.Crim.App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985), and reaffirmed in *McGlothlin v. State*, 896 S.W.2d 183 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 116 S.Ct. 219, 133 L.Ed.2d 150 (1995). The State also opines that because appellant's challenge for cause was focused solely on the inability of venirepersons 32 and 35 to consider the full range of punishment, he has made no showing that the error prejudiced his cause at the guilt/innocence phase of the trial.

In regard to the State's request to extend the *DeGarmo* doctrine of waiver, we can find no precedent or authority for applying the doctrine of waiver to error committed during the jury selection process. To date, the waiver doctrine has been limited to cases involving challenges to the sufficiency of the evidence and the admission of allegedly inadmissible evidence. *See, e.g., McGlothlin*, 896 S.W.2d at 189 (judicial confession at punishment phase waived all error at guilt/innocence phase); *Lasker v. State*, 573 S.W.2d 539, 543 (Tex.Crim.App. [Panel Op.] 1978) (admission of guilt at punishment waived challenge to sufficiency of evidence); *Sims v. State*, 502 S.W.2d 730, 731 (Tex.Crim.App. 1973) (admission of guilt at punishment phase waived illegal search and seizure claim); *Richardson v. State*, 458 S.W.2d 665, 666 (Tex.Crim.App.1970) (admission of guilt at punishment waived sufficiency of evidence claim and admissibility of identification testimony claim). The State has also not provided the court with any reasonable rationale for such an extension of the doctrine of waiver. We therefore decline the State's invitation to find that appellant, by his admission of guilt at the punishment phase of his trial, waived the error committed during voir dire.

The State's position that the voir dire error does not inevitably affect the guilt/innocence phase of a trial has found recent support in the case of *Ransom v. State*, 920 S.W.2d 288 (Tex.Crim.App.1996) (op. on reh'g), *petition for cert. filed*, —— U.S.L.W. —— (U.S. June 24, 1996) (No. 96–5703). In *Ransom*, the court held that "voir dire error regarding a subject that a jury would consider only during the punishment phase of a trial is 'error effecting punishment only,'" unless the defendant produces evidence that the error necessarily produced a jury biased against the defendant on the issue of guilt. *Id.* at 298. Such are the facts in appellant's case.

The only basis for appellant's challenge for cause to venirepersons 32 and 35 was their inability to consider the full range of punishment. The holding of *Ransom* placed on the appellant the burden of producing evidence showing that the court's failure to sustain his challenge to venirepersons 32 and 35 necessarily produced a jury biased against him on the issue of guilt.[1] Because appellant has

1. One troubling side effect of the voir dire error

in appellant's case which is not addressed by the

produced no such evidence, the case must be remanded for a new trial on punishment only in accordance with article 44.29(b). *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.1996).

In point of error number three, appellant alleges that the court erred in commenting to the jury during voir dire:

> Punishment in any given case is decided upon the facts of that case, and you don't hear the facts until after you have been seated over here in the jury box and witnesses have all testified.
>
> . . . .
>
> So, is there anyone here who is telling me that if they were seated as a juror over here that they could not follow their oath, which requires them to consider probation in an aggravated robbery case? Let me see the hand of anyone who would not be able to take that oath and follow that oath as a juror?

Any error caused by the court's inquiry and questioning of the panel would have been error that could have only harmed the appellant on the issue of punishment because the court's questions and instructions dealt only with punishment. Because the challenged inquiry was limited to the venireperson's ability to assess punishment, the resulting remand would be limited to a remand for retrial on the issue of punishment. *Ransom*, 920 S.W.2d at 298. Because we have already concluded appellant's case will be remanded for a retrial on the issue of punishment, our granting of appellant's third point of error would have resulted in no more relief to appellant. We therefore overrule point of error three.

■ In his fourth, fifth, sixth, and seventh points of error, appellant complains of evidentiary rulings made by the court during the guilt/innocence phase of his trial. In point of error four, appellant contends that the trial court erred in denying his motion to suppress evidence found as a result of a search incident to a warrantless arrest. In

point of error number five, appellant argues that the court erred in denying his motion to suppress Kim Payne's pretrial identification of him. In point of error number six, he complains of the trial court's denial of his motion to suppress the pretrial and in-court identification of him by Larry Wilton. Point of error number seven is also based on the court's denial of appellant's request to suppress the pretrial and in-court identification of him by Janet Cullar.

The State argues that the appellant waived the error alleged in points of error four, five, six, and seven when he admitted his guilt at the punishment phase of his trial. *McGlothlin*, 896 S.W.2d at 186; *DeGarmo*, 691 S.W.2d at 661. The record reflects that the State is indeed correct, and appellant, on more than one occasion during the punishment phase of his trial, admitted his guilt.

On direct examination at the punishment phase of his trial, appellant expressed his remorse about the four aggravated robberies. He also stated he was sorry for the crimes. On cross-examination, the State more fully developed appellant's participation in the aggravated robberies. The State specifically asked appellant if he was guilty of each of the four aggravated robberies that the jury had found him guilty of. He answered "yes." He also answered "yes" each time the State asked him if he were guilty of the aggravated robbery committed on the dates alleged in the indictment. Appellant also admitted using a knife in all four of the aggravated robberies. He persisted in and adamantly stuck to his admission of guilt.

Because appellant at the punishment phase of his trial clearly and unequivocally admitted he was guilty of each of the four aggravated robberies of which the jury found him guilty, he has waived any evidentiary errors which occurred during the guilt/innocence phase of his trial. *McGlothlin*, 896 S.W.2d at 186; *DeGarmo*, 691 S.W.2d at 661. Appellant's error complained of in point of error number four is specifically waivable. *Sims*,

---

*Ransom* decision is the fact that due to the court's failure to excuse venirepersons 32 and 35, appellant had to use two of his peremptory challenges to strike jurors who were not legally qualified. The court's denial of the challenge for

cause coupled with the court's refusal to give appellant two additional challenges, resulted in the net effect of the appellant having two less peremptory challenges than the State. This does not seem fair or equitable.

**350**

502 S.W.2d at 731; *Creel v. State,* 493 S.W.2d 814, 819 (Tex.Crim.App.1973); *Sheridan v. State,* 485 S.W.2d 920, 921 (Tex.Crim.App. 1972) (holding defendant waived right to contest lawfulness of search on appeal after he had admitted guilt at punishment phase of trial). Likewise, appellant's complaints raised in points of error number five, six, and seven, concerning identification testimony, are specifically waivable. *Richardson,* 458 S.W.2d at 666 (holding defendant waived right to challenge in-court identification when he admitted guilt at punishment phase of trial).

Because the evidentiary errors raised in points of error four, five, six, and seven are the specific types of error that are waivable when the defendant admits his guilt at the punishment phase of his trial, we need not discuss the merits of appellant's argument in these points of error. The error, if any, is waived, and we overrule points of error four, five, six, and seven.

We sustain points of error one and two and remand for a new trial on the issue of punishment. TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.1996).