Luis Hector FUGON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–96–01197–CR, 01–96–01198–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 22, 1998.

Published in Part Pursuant
to Tex. R. App. P. 90.

Rehearing Overruled Feb. 12, 1998.

Discretionary Review Refused
June 10, 1998.

Kathryn K. Kelber, Houston, for Appellant.

John B. Holmes, Barbara A. Drumheller, Houston, for Appellee.

Before TAFT, MIRABAL and WILSON, JJ.

## OPINION

TAFT, Justice.

Appellant, Luis Hector Fugon, was charged with aggravated robbery[1] and aggravated sexual assault[2] in separate indictments arising from the same transaction. The offenses were tried together in a joint trial with codefendant Angel Elvira. A jury found appellant guilty of both offenses and assessed punishment at 30–years confinement on the aggravated robbery charge and 50–years confinement on the aggravated sexual assault charge. We address (1) whether appellant's counsel was ineffective during the punishment stage of the trial by presenting appellant as a witness, admitting the offenses he had denied during testimony at guilt/innocence and (2) whether appellant waived any error arising from the trial court's denial of

---

1. Trial court cause number 708544; our cause number 01–96–01198–CR.

2. Trial court cause number 708545; our cause number 01–96–01197–CR.

appellant's motion to sever by either admitting guilt at punishment or by not presenting a sufficient record for review. We affirm.

## Facts

The evidence presented at trial showed that, on November 17, 1995, appellant and Angel Elvira robbed a man and his wife at gunpoint in their home. Appellant forced the wife to engage in oral sex at gunpoint. Elvira also sexually assaulted the wife, after they had tied her hands and legs. Elvira was arrested a few hours later when one of the victim's credit cards was found in Elvira's possession during a traffic stop. The victims identified Elvira in a lineup and identified appellant from a photo spread. Appellant was arrested at his home, where several items of the victims' property were found. Both Elvira and appellant confessed to robbing the victims. However, they both denied committing any type of sexual assault. DNA from the semen found at the victims' home matched appellant's DNA to a probability of one in 5.84 billion among the Hispanic population. Tests also revealed that hairs found at the scene matched hairs taken from appellant. At the guilt/innocence stage of the trial, appellant testified that he did not rob the victims, that he had never been on their street, and that Elvira had given him the items found in his apartment. However, during the punishment phase of the trial, appellant admitted committing both offenses.

## Denial of Motion to Sever

In his second point of error, appellant claims the trial court erred in denying his motion to sever. Appellant argues that, prior to trial, the court was informed of the inconsistent and irreconcilable positions appellant and Elvira were to take at trial and that severance was, therefore, mandatory pursuant to article 36.09 of the Code of Crim-

inal Procedure. TEX.CODE CRIM.P.ANN. art. 36.09 (Vernon 1981).[3] In addition, appellant contends that the court's error was not waived by appellant's admission of guilt at punishment. *See DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Crim.App.1985).

### A. *DeGarmo* Waiver

■ Whenever an accused admits his guilt at the punishment phase of a criminal trial, he has, for legal purposes, entered the equivalent of a plea of guilty. *DeGarmo*, 691 S.W.2d at 661. By admitting guilt, the defendant waives all nonjurisdictional errors occurring at the guilt/innocence phase of the trial. *Id.* The Court of Criminal Appeals recently confirmed the continuing viability of the *DeGarmo* doctrine in *McGlothlin v. State*, stating that judicial confessions at the punishment phase must be viewed in the context of the basic purpose of a trial, which is the determination of truth. 896 S.W.2d 183, 187 (Tex.Crim.App.1995).

■ Appellant asserts that the *DeGarmo* doctrine is inapplicable to this case. Appellant argues that the trial court's denial of his pretrial motion to sever constituted structural error *ab initio*. The *DeGarmo* doctrine is limited by its own terms to waiving error at the guilt/innocence phase. Neither party has cited, and we have been unable to find, a case which addresses whether the erroneous denial of a motion to sever can be waived by an admission of guilt under the *DeGarmo* doctrine. However, in a case addressing whether the *DeGarmo* waiver doctrine applies to errors made during jury selection, the Second Court of Appeals held no waiver had occurred. *See Post v. State*, 936 S.W.2d 343, 348 (Tex.App.—Fort Worth 1996, pet. ref'd) (refusing to extend *DeGarmo* to errors made during jury selection). In *Post*, the court noted that most cases invoking the

---

3. Article 36.09 provides:
   Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the state; and provided further, that *in cases in which, upon timely motion to*

*sever, and evidence introduced thereon, it is made known to the court* that there is a previous admissible conviction against one defendant or *that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.*
TEX.CODE CRIM.P.ANN. Art. 36.09 (Vernon 1981) (emphasis added).

*DeGarmo* doctrine have involved challenges to the sufficiency and admissibility of evidence. *Id.* Errors involving evidence sufficiency and admissibility impact the guilt/innocence phase of a trial. However, the jury selection error at issue in *Post* involved punishment issues only. *See id.* While certain pretrial motions concern admissibility of the evidence, thereby presumably falling within the scope of *DeGarmo,* a pretrial motion to sever such as the one involved in this case affects the punishment phase *as well as* the guilt/innocence phase. We decline to extend the *DeGarmo* waiver doctrine to error committed in denying a motion to sever because severance impacts more than just the guilt/innocence phase of trial. Accordingly, we hold that, by admitting his guilt of the offenses charged in the indictments, appellant did not waive his challenge to the trial court's denial of the motion to sever.

### B. Adequacy of Record

■ Appellant filed motions to sever in both cases, alleging a joint trial would be prejudicial against appellant because Elvira would present an inconsistent defense and had a much higher degree of guilt. The docket sheet reflects that the trial court heard and denied these motions, as do the motions themselves. No court reporter's record of the motion hearing is before this Court. Appellant initially requested that the record be supplemented with the court reporter's record from that hearing, but later withdrew the request, apparently based on the absence of such a record. Appellant has not alleged that the record was destroyed, lost, or not taken due to no fault of his own.

■ An accused cannot rely upon a general allegation in his severance motion that a codefendant has a conflicting or inconsistent defense; he must apprise the trial court of exactly what the inconsistent defenses will be. *Silva v. State,* 933 S.W.2d 715, 719 (Tex. App.—San Antonio 1996, no pet.). Appellant relies upon an offer of proof made at the motion for new trial hearing, in which appellant's trial counsel would have described his recollection of the evidence presented at the pretrial hearing on the severance motion. The trial court, however, sustained the State's objection, stating that trial counsel's recollection was irrelevant because the record would reflect what occurred at the hearing. Later, during the motion for new trial hearing, trial counsel for codefendant Elvira testified, without objection, that he recalled telling the trial court at the severance hearing that the codefendants were accusing each other of the offenses, thereby presenting inconsistent defenses. Counsel for Elvira did not recall getting into details of the defenses, but remembered stating only that the codefendants were accusing one another and had irreconcilable defenses. Under this state of the record, we cannot say that appellant met his burden of apprising the trial court of what the inconsistent defenses would be. Accordingly, we overrule appellant's second point of error.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App.P. 47.4, and is thus ordered not published.

We affirm the trial court's judgment.