COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-039-CR

 

 

CHARLES A. EWING                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Charles A. Ewing appeals his conviction for
felony driving while intoxicated.  In
five points, appellant complains that the trial court abused its discretion by
admitting evidence of an extraneous bad act at punishment; qualifying and
rehabilitating prospective jurors who had expressed bias against the minimum
punishment; denying a challenge for cause against a juror who stated that he
could not give fair consideration to the minimum punishment for the offense
charged; and refusing to quash the enhancement count in the indictment because
it violated the statutory prohibition against using the same conviction for
felony jurisdiction and punishment.  We
affirm.

Evidence of Extraneous Bad Acts

In his first point, appellant argues that the
trial court abused its discretion during the punishment phase of trial by
admitting extraneous evidence of a prior drunk-driving accident because the
State=s
original notice was insufficient to apprise him of its intent to offer evidence
of the accident, and the State=s
supplemental notice did not provide reasonable notice because the notice was
delivered to appellant=s trial counsel the day the
punishment hearing began.








On May 26, 2004, appellant filed and served the
State with a self-executing request for notice of the State=s intent
to introduce evidence of other crimes, wrongs, or acts during the punishment
phase pursuant to article 37.07(g) of the code of criminal procedure.[2]  The State responded to that request on
January 31, 2005, stating that it intended Ato
introduce each and every extraneous offense, crime, wrong, and act of the
Defendant noted . . . as well as those identified in offense reports or other
documents and recordings presented in the State=s file.@  Among other offenses and evidence, the State
listed two prior DWI convictions on July 25, 1997, one of which arose from
appellant=s DWI arrest on November 30,
1995.  The pen packet containing those
judgments was admitted at trial during the punishment phase.  One of the judgments lists Kenneth Smith as a
person to whom appellant owed restitution.








The punishment phase of appellant=s trial
was scheduled for February 3, 2005.  On
the evening of February 2, the State served notice to appellant by email of its
intent to offer, among other things, details of one of his 1997 convictions, in
which there was a car accident where Kenneth Smith was injured in November
1995.[3]  At the punishment hearing, appellant moved
for a second continuance on the ground that the State=s notice
was too late and operated as a surprise. 
Appellant conceded that he knew about the 1997 DWI conviction that arose
from November 1995, but asserted that the arrest and circumstances surrounding
the arrest were  Aextrinsic
to the record of conviction of DWI.@  The trial court denied appellant=s second
motion for a continuance and noted that the State=s
original notice complied with the statutory obligations and permitted the State
to introduce the testimony of two witnesses regarding the details of appellant=s
November 1995 arrest.  The only bad act
they referred to during their testimony was the November 1995 accident and
arrest for drunk driving.

We review the trial court=s
decision to admit evidence under an abuse of discretion standard.[4]  We will not reverse a trial court as long as
its ruling was within the Azone of
reasonable disagreement.@[5] 








Article 37.07, section 3(g) of the code of
criminal procedure provides that on a defendant=s timely
request, notice of intent to introduce evidence of an extraneous crime or bad
act shall be given in the same manner required by rule 404(b).[6]  Rule 404(b) provides, in pertinent part, Athat
upon timely request by the accused in a criminal case, reasonable notice
[should be] given in advance of trial of intent to introduce in the State=s
case-in-chief such evidence other than that arising in the same transaction.@[7]  The reasonableness of the State=s notice
turns on the facts and circumstances of each individual case.[8]  At a minimum, the  notice must be reasonably calculated to draw
defense counsel=s attention to an extraneous
offense.[9]

The State=s
original January 2005 notice, which was given four days prior to trial, listed
appellant=s 1997 DWI conviction and the
date of appellant=s 1995 arrest and informed appellant
that the State intended to introduce acts identified in the offense report and
other documents, which included evidence of the accident that gave rise to
appellant=s arrest and conviction.  We conclude that this information was
reasonably calculated to draw appellant=s
attention to the November 30, 1995 accident.[10]  We overrule appellant=s first
point.  








In his second point, appellant contends that the
trial court abused its discretion by admitting evidence of the November 1995
car accident because the State did not meet its burden of proving beyond a
reasonable doubt that appellant was the driver who caused the accident.[11]  We disagree. 


There are several ways to link a defendant to a
prior conviction or bad act, including witness testimony identifying the
accused as the same person previously convicted; a judicial stipulation by the
defendant; the introduction of certified copies of the judgment and sentence
containing the defendant=s fingerprints, supported by
expert testimony identifying the prints as the defendant=s;  and the introduction of a photograph or
detailed description of the person in the documents showing the prior
conviction that can be compared with the accused=s
appearance.[12]  These methods are not exclusive, however;
whether sufficient links are present is determined on a case-by-case basis.[13]









The evidence in this case shows as follows:

Smith was sitting at a red light on November 30,
1995 when a wrecker hit his car.  A
police officer was nearby and directed Smith and the wrecker driver to a nearby
parking lot.  Instead of going to the
parking lot, however, the wrecker driver left the scene and went into a nearby
bar.  Officer Lee Ann Jones went into the
bar and arrested a man named Charles Ewing, whose date of birth was August 22,
1957.  In the case before us, appellant
pleaded true to the enhancement allegation in the indictment, which alleged
that he had previously been convicted of felony DWI in case number
0616210D.  The judgment for the same
felony DWI, case number 0616210D, listing appellant=s name,
date of birth August 22, 1957, and ordering appellant to pay restitution for
$2,181.00 to Kenneth Bryan Smith at the address 2961 McKinley Avenue in Fort
Worth, Texas, was admitted at trial. 
Smith stated at trial that his address at the time of the collision was
2961 McKinley Avenue. 

We hold that this evidence is sufficient to show
that the collision was attributable to appellant beyond a reasonable doubt.[14]  Therefore, the trial court did not abuse its
discretion by admitting the testimony. 
We overrule appellant=s second
point.








Voir Dire 

In his third and fourth points, appellant
complains that the trial court abused its discretion during jury
selection.  First, he argues that the
court erred by intervening in jury selection by assisting in qualifying and
rehabilitating venire members who had previously stated their biases against
the minimum punishment.  Second, he
argues that the court erred by denying a challenge for cause against
veniremember Auvenshine who, according to appellant, stated that he could not
give fair consideration to the minimum punishment range for the charged
offense. 

During the State=s
portion of voir dire, the prosecutor asked if any of the veniremembers could
not consider the full range of punishment, and no one responded.  When appellant questioned the panel, several
veniremembers expressed hesitation about the full range of punishment:

[Defense Counsel]:     Does anybody feel differently about
that?  Hey, they=ve given the person a
fair trial.  They=ve now found a third DWI
is true beyond a reasonable doubt.  They
and 11 other jurors convicted.  They don=t think two years would
be sufficient to start with.  Anybody
feel that way? . . . Okay.  Mr. Evans, is
that how you feel, sir?

 

[Veniremember
Evans]:    Yeah.  If he=s convicted, if he=s convicted of a third,
which makes it a felony, he=s had two prior convictions, and two years is way
too low.

 

[Defense Counsel]:      You could not give two yearsCyou would not fairly
consider two years?








[Veniremember
Evans]:     No. I think two years would
be way too low.  

 

[Defense Counsel]:     All right, thank you.  Anybody agree withCover here, anybody on
this side to my left agree with Mr. Evans about the two years?  

 

Veniremembers Leis and Bryant stated that they agreed with Mr. Evans.
Defense counsel then engaged in the following dialogue:

[Defense Counsel]:     And I saw Mr. Shultz.  SoCand I have to restate it every once in a while to
make sure that we all still remember what I=m talking about. 
You=ve been convicted beyond
a reasonable doubt, the person has been found guilty?

 

[Veniremember
Shultz]:      I could consider it.

 

. . . .

 

It=s not a snapshot, it=s the portfolio, so it=s hard to imagine a
situation where I would think two years would be a justifiable consequence
after two previous DWIs, so it would be very difficult.  I would consider it, but honestly, it would
have to be something really dramatic to consider two years in that
situation.  

 

. . . .

 

We may be dealing in semantics here, but you can consider it, but in a
normal world, I don=t see how someone with a
third one being convicted for just two years. 
That would be a real understatement of justice, in my opinion.

 

After veniremember Auvenshine raised his hand,
the following exchange took place:








[Veniremember Auvenshine]:     I was just wanting to clarify the fact
that ifCa lot  of the things that are being said, what if
this and that, and it=s stuff that=s not really clear.  If it=s something that happened in this particular
incident, if it was just a couple of DWIs before, and it was nothing, just
another DWI and nothing else, that would be one thing.  And you can see where I=m going with this, if
there was some damage done or something like that thenC

 

[Defense Counsel]:     Well, for purposes of my questions, all we
can say is that it=s not intoxication
assault where you know there=s allegations that somebody=s been hurt or
intoxication manslaughter.  It=s justCthe only thing I can say
is it=s been proven to a jury
that a person has been convicted of a felony DWI, which means they=ve had two prior
DWIs.  Can you fairly consider two years
as enough punishment?

 

[Veniremember
Auvenshine]:     Um.

 

[Defense Counsel]:     You=re not saying you can give it, you=re just sayingCthe question is can you
fairly consider it, and if you can=t, that=s fine.

 

[Veniremember Auvenshine]:      I don=t think
I can.

At the conclusion of voir dire, the trial court
made the following statements:

All right.  Because there have
been several different answers given to the same question, I need to clarify
one issue, so I=m just going to ask
everybody as a group.

 

As I instructed you earlier, in order to serve as a juror in a case,
you must be able to give fair consideration to the entire range of punishment
available for that offense.  Keep in mind
the jury is not called upon to assess punishment until somebody has been found
guilty of a particular offense.  We can=t go back and reask you
these questions at that point. 

 

. . . .

 








Okay.  What I need to know is that whether right
now, without knowing anything about the facts of the case, whether you each
individually, if the facts justified it and the law allowed it, could give fair
consideration to the entire range of punishment in this case, which is anywhere
between 2 and 20 years in the penitentiary and up to a $10,000 fine if it is
shown that there is a prior felony conviction in a proper case?   Anybody in this section could not do that? 

In response to the court=s
question, veniremembers Evans, Haley, Killman, Stagner, Browder, and Atken
stated that they could not give fair consideration to the full range of
punishment.  Veniremember Auvenshine did
not respond.

Appellant challenged veniremember Auvenshine for
cause based on his inability to consider the full range of punishment.  The trial court denied appellant=s
challenge.








In his third point, appellant contends that the
trial court abused its discretion by intervening in jury selection by assisting
in qualifying and rehabilitating veniremembers who had previously stated their
bias against the minimum punishment.  A
trial court may intervene in voir dire to clarify a juror=s
position, to instruct a juror, or to expedite the proceedings.[15]  A court=s
comments become erroneous only when they are reasonably calculated to benefit
the State or prejudice the defendant.[16]  The trial court in this case did not
erroneously interfere in the voir dire process. 
The court=s comments merely served to clarify
the veniremembers= particular views; they did not
benefit the State or prejudice appellant. 
Therefore, we overrule appellant=s third
point. 








In his fourth point, appellant contends that the
trial court abused its discretion by denying a challenge for cause against
veniremember Auvenshine who appellant claims stated that he could not give fair
consideration to the minimum punishment range for the charged offense.  A potential juror must be able to consider
the full range of punishment applicable to the particular offense submitted for
consideration and if he cannot, he is biased against the law and must be
excused.[17]  Whether a potential juror is biased is a
factual determination to be made by the trial court.[18]  Where bias is not established as a matter of
law, all of the veniremembers answers must be reviewed to determine whether the
challenged veniremember could set aside his views and follow the law and his
oath.[19]

The trial court has wide discretion in ruling on
challenges for cause, and its rulings will not be upset on appeal absent an
abuse of that discretion.[20]  We must examine the record as a whole to
determine whether there is support for the trial court's rulings, and, in doing
so, we must give deference to the trial court, which was in a position to
actually see and hear the veniremember.[21]  If a veniremember vacillated or equivocated
with respect to his ability to follow the law, then we must defer to the trial
court's judgment because the trial judge was in the best position to observe
the person=s demeanor and tone of voice,
important factors that Ado not come through when
reviewing a cold record.@[22] 








The record reveals that Auvenshine was not biased
as a matter of law.  Auvenshine initiated
the discussion with defense counsel in order to Aclarify
. . . stuff that=s not really clear.@  He was listening to the voir dire and trying
to articulate scenarios under which he could give the minimum punishment.
Initially, he hesitated when asked whether he could fairly consider the minimum
punishment and then, after defense counsel pressured him for an answer, he said
he did not Athink@ he
could.  Because the record indicates that
Auvenshine did not express an unequivocal bias against the law, appellant has
not shown that he was biased as a matter of law and we must defer to the trial
court=s
judgment.[23]  

Furthermore, Auvenshine=s
reaction to the trial court=s later
clarification indicates his further vacillation about his ability to fairly
consider the full range of punishment. 
Even if Auvenshine=s statements to the defense
attorney had indicated some bias against the law, his failure to tell the court
he could not fairly consider the full range of punishment in response to its
question indicates that he had either changed his mind about his earlier
statement or that the court had sufficiently clarified his views.  








Therefore, in viewing the record as a whole and
recognizing that the trial judge was in the best position to determine
Auvenshine=s demeanor, we hold that the
trial court did not err by denying appellant=s
challenge for cause against veniremember Auvenshine.[24]  We overrule appellant=s fourth
point. 

Enhancement








In his fifth point, appellant asserts that the
trial court erred by refusing to quash the enhancement count in the indictment
because the same prior DWI was used for jurisdictional purposes and for
enhancement.  In the indictment, the
State alleged for jurisdictional purposes that, prior to the current offense,
appellant had been convicted of two prior DWI offenses: a misdemeanor in 1991
and a felony in 1996.  The indictment
also alleged that appellant was convicted of another felony DWI in 1997 for
punishment enhancement purposes. 
Appellant  contends that because
the State used the 1991 DWI as an element in the 1997 felony offense,[25]
the 1997 DWI could not be used to enhance the punishment in this case without
violating the statutory prohibition against using the same conviction twice for
felony jurisdiction and for punishment.[26]


The 1991 conviction was a separate and distinct
offense from the 1997 conviction.[27]  Therefore, the State was not required to
plead or prove the 1991 conviction to use the 1997 felony DWI conviction to
enhance appellant=s punishment.[28]  For these reasons, we hold that the State did
not Ause@ the
1991 DWI conviction when it alleged the 1997 felony DWI conviction in the
indictment to enhance appellant=s
punishment.[29]  We overrule appellant=s fifth
point.








Having overruled all of appellant=s
points, we affirm the trial court=s
judgment.   

 

JOHN
CAYCE

CHIEF
JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

 

WALKER, J. concurs
without opinion.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  June 29, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(g) (Vernon Supp.
2005).





[3]The trial court had
already granted appellant=s first motion for continuance
on February 1 to afford him time to prepare for the testimony the State
intended to introduce.





[4]See Green v. State, 934 S.W.2d 92, 101-02
(Tex. Crim. App. 1996), cert. denied, 520 U.S. 1200 (1997); Montgomery
v. State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990).  





[5]Green, 934 S.W.2d at 102; Montgomery,
810 S.W.2d at 391. 





[6]Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(g).





[7]Tex.
R. Evid.
404(b); Hayden v. State, 66 S.W.3d 269, 272 (Tex. Crim. App. 2001).





[8]Patton v. State, 25 S.W.3d 387, 392
(Tex. AppCAustin 2000, pet. ref=d).





[9]See Splawn v. State, 160 S.W.3d 103, 112
(Tex. App.CTyler 2005, pet. ref=d) (holding the State=s notice sufficient to
allow appellant to prepare for trial where the notice referred defense counsel
to specified numbered counts in the indictment to provide the additional
details and the State introduced evidence of the specific allegations in those
counts during the punishment phase), cert. denied, 126 S. Ct. 2035
(2006); Roman v. State, 986 S.W.2d 64, 67 (Tex. App.CAustin 1999, pet. ref=d) (concluding that State=s notice of its intent to
introduce all acts of appellant=s conduct as set out in the offense report was
sufficient because it was reasonably calculated to draw defense counsel=s attention to a
statement found in the report).





[10]See Splawn, 160 S.W.3d at 112.





[11]See Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(g) (providing that for
purposes of assessing punishment, evidence of extraneous offenses or bad acts
is admissible so long as the act is shown beyond a reasonable doubt to have
been committed by the defendant or an act for which he could be held criminally
responsible). 





[12]Littles v. State, 726 S.W.2d 26, 31 n.1
(Tex. Crim. App. 1984). 





[13]See Human v. State, 749 S.W.2d 832, 835-36
(Tex. Crim. App. 1988).  In Human,
the court stated: 

 

[O]rdinarily the proof that is adduced to establish that the defendant
on trial is one and the same person that is named in an alleged prior criminal
conviction . . . closely resembles pieces of a jigsaw puzzle.  However, when the pieces are fitted together,
they usually form the picture of the person who committed the alleged prior
conviction.  Id.  





[14]See Haley v. State, 173 S.W.3d 510, 515
(Tex. Crim. App. 2005).  





[15]Post v. State, 936 S.W.2d 343, 347
(Tex. App.CFort Worth 1997, pet. ref=d) (citing Gardner v.
State, 733 S.W.2d 195, 210 (Tex. Crim. App. 1987), cert. denied, 488
U.S. 201 (1989)); see also Heiselbetz v. State, 906 S.W.2d 500, 509-11
(Tex. Crim. App. 1995) (holding that the trial court did not err in questioning
a veniremember when voir dire had not clearly established juror was
challengeable for cause). 





[16]Gardner, 733 S.W.2d at 210; Post,
936 S.W.2d at 347. 





[17]Cooks v. State, 844 S.W.2d 697, 709
(Tex. Crim. App. 1992), cert. denied, 509 U.S. 927 (1993); Fuller v.
State, 829 S.W.2d 191, 200 (Tex. Crim. App. 1992), cert. denied, 508
U.S. 941 (1993).  





[18]See Hammond v. State, 799 S.W.2d 741, 744
(Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259 (1991). 





[19]Post, 936 S.W.2d at 346.





[20]See Ladd v. State, 3 S.W.3d 547, 559 (
Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070 (2000); Banda v.
State, 890 S.W.2d 42, 53‑54 (Tex. Crim. App. 1994), cert. denied,
515 U.S. 1105 (1995). 





[21]See Blue v. State, 125 S.W.3d 491, 497
(Tex. Crim. App. 2003), cert. denied, 543 U.S. 853 (2004); Ladd,
3 S.W.3d at 559.





[22]Banda, 890 S.W.2d at 54;
see also Ladd, 3 S.W.3d at 559; Brown v. State, 913 S.W.2d 577, 580
(Tex. Crim. App.1996).





[23]See Banda, 890 S.W.2d at 54
(describing the deference we must give a trial court on its decisions regarding
an equivocating veniremember).  But
cf. Post, 936 S.W.2d at 347 (holding that where venirepersons clearly and
unequivocally stated that they could not consider probation for a defendant
they found guilty of multiple aggravated robberies, the trial court did not
effectively rehabilitate them by later asking the entire panel whether they
could follow their oath and consider probation in an aggravated robbery case
and the same veniremembers failed to raise their hands).  





[24]We do not address whether
the court=s comments rehabilitated
Auvenshine because we hold that the record does not establish that he was
biased as a matter of law.





[25]See Tex.
Penal Code Ann.
' 49.09(b)(2) (Vernon
Supp. 2005) (providing that DWI becomes a felony offense when the actor has
been convicted two times of any other offense relating to the operation of a
motor vehicle while intoxicated).





[26]See Tex.
Penal Code Ann.
' 49.09(g) (providing that
a prior DWI conviction may be used to enhance a later DWI offense to a more
serious offense, but the same prior conviction may not be used to enhance both
the charged offense and the defendant=s punishment). 





[27]See Gibson v. State, 995 S.W.2d 693, 695-96
(Tex. Crim. App. 1999) (stating that misdemeanor and felony DWI are different
grades of driving while intoxicated and are tried in different courts). 





[28]See Perez v. State, 124 S.W.3d 214, 216
(Tex. App.CFort Worth 2002, no
pet.).





[29]See id.; see also Carroll v.
State, 51 S.W.3d 797, 801 (Tex. App.CHouston [1st Dist.] 2001, pet. ref=d) (rejecting the
appellant=s argument that the use
of a felony conviction that was predicated on a prior misdemeanor conviction,
where the same prior misdemeanor conviction is used for jurisdictional purposes
in the instant case, is the equivalent of using the misdemeanor conviction
twice).