

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00526-CR
### NO. 02-12-00527-CR

AMAZIAH THOMPKINS                                                                APPELLANT

V.

THE STATE OF TEXAS                                                                      STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury found Appellant Amaziah Thompkins guilty of resisting arrest and possession of marijuana under two ounces. The trial court assessed his punishment at 200 days' confinement for the resisting arrest conviction and 90

---

[1]*See* Tex. R. App. P. 47.4.

days' confinement for the marijuana possession conviction, ordering that the sentences run concurrently. In two issues, Thompkins argues that the evidence is insufficient to support his convictions. We will modify the judgment in cause number 1211018 (our case number 02-12-00527-CR) to accurately reflect the sentence assessed and will affirm that judgment as modified.[2] We will also affirm the judgment in cause number 1211017 (our case number 02-12-00526-CR).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Arlington Police Officers Blain Smith and Michael Wheatley were patrolling a high-crime area of Arlington at 10:40 one night when they saw a blue truck drive out of a convenience store parking lot. The rear license plate of the truck was not illuminated. The officers stopped the truck for driving with a defective license plate light, a traffic violation. *See* Tex. Transp. Code Ann. § 547.322 (West 2011).

The officers approached the truck and spoke to the driver and sole occupant, Thompkins. Thompkins was "extremely agitated" and appeared nervous. He wanted to know why the officers had stopped him. He raised his

---

[2]The judgment for the marijuana possession conviction incorrectly states the sentence as 200 days' confinement, contrary to the trial court's oral pronouncement of sentence in the record. Consequently, we modify the judgment to reflect the correct sentence of 90 days' confinement, the one that the trial court orally pronounced. *See Taylor v. State*, 131 S.W.3d 497, 500, 502 (Tex. Crim. App. 2004) ("When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls."); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.— Dallas 1991, pet. ref'd) (noting that appellate courts may sua sponte correct incorrect judgments).

voice when speaking and flailed his arms in an agitated manner. Officer Wheatley asked Thompkins why he appeared so nervous and whether he had anything in the truck that the officers needed to know about. Thompkins said that he thought he had two outstanding warrants and that he "can't go to jail." Officer Wheatley returned to the patrol vehicle to confirm the warrants. While Officer Smith was standing by the driver's door of Thompkins's truck, Thompkins reached over to the passenger side of his truck toward a metallic object, which was later determined to be a pair of scissors. Officer Smith told Thompkins to show his hands and had him exit the truck.

Officer Smith told Thompkins to face his truck so that the officer could pat him down for weapons. Thompkins flexed his arm as Officer Smith was holding it. Officer Smith pulled one of Thompkins's arms behind his back and noticed that his hand was curled in a fist. Officer Smith testified that he was concerned that Thompkins would attempt to hit him or that Thompkins was holding something in his hand that could hurt the officer. Officer Smith told Thompkins to open his fist and also physically tried to pry his fingers open to see if he was holding anything. Thompkins began flailing his arms in an aggressive manner and took a couple of steps away from Officer Smith. After attempting to grab Thompkins's arm again, Officer Smith determined that Thompkins was resisting his attempts to search him and "knew there was going to be a struggle."

Officer Wheatley approached to assist. During the struggle, all three men fell to the ground. Officer Smith testified that Thompkins did not actively try to

3

hurt the officers but resisted their verbal commands to show his hands and resisted their attempts to physically get control of him. Officer Smith used his OC spray—similar to pepper spray—on Thompkins, but it was ineffective in that it did not allow the officers to get control of Thompkins's hands. Officer Wheatley then used his Taser on Thompkins. The officers arrested Thompkins and placed him in handcuffs.

Officer Smith went to Thompkins's truck to see what Thompkins had been reaching for and found the scissors. Officer Smith noticed the odor of marijuana coming from inside the truck. He found a plastic grocery sack sitting in the middle of the truck's bench seat between the driver's and passenger's sides. Inside the sack was a clear baggie containing what appeared to be marijuana.

At trial, Vique Rugama testified for Thompkins. She said that she and Thompkins live together and have children together. She testified that Thompkins had gone to the store and was pulled over in front of their house as he was returning from the store. Rugama was inside the house and heard the officers ask Thompkins what gang he belonged to, whether he had ever been in prison, and whether Thompkins actually lived at the house. Rugama went outside and tried to tell the officers that Thompkins did live there, but the officers told her to go back inside. She did not. According to Rugama, one officer asked Thompkins to get out of the truck, he complied, and as the officer was patting him down, Thompkins asked if he was being arrested. At that point, "the officer grabbed his arm and swung him around." Both officers then grabbed Thompkins

4

and "they ended up on the floor." The officers put handcuffs on Thompkins while they were on the ground and then sprayed him with pepper spray. Thompkins asked for water, and one officer told him that if he did not remain quiet, he was going to "tase" him. Thompkins complained that fire ants were biting him, and the officer then "tased him for no reason." Rugama said that the officers threatened to arrest her if she did not go back inside her house. On cross-examination, Rugama testified that she had filed a complaint about the officers with the Arlington police station, but Officer Wheatley testified that he had no knowledge of an internal affairs investigation about the incident.

### III. STANDARD OF REVIEW

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wise*, 364

S.W.3d at 903. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise*, 364 S.W.3d at 903.

## IV. SUFFICIENT EVIDENCE TO SUPPORT RESISTING ARREST CONVICTION

In his first issue, Thompkins argues that the evidence is insufficient to support his conviction for resisting arrest. To convict a defendant of resisting arrest, the State must prove beyond a reasonable doubt that the defendant intentionally prevented or obstructed a person he knows is a peace officer from effecting an arrest or search of him by using force against the officer. Tex. Penal Code Ann. § 38.03(a) (West 2011).

Here, the jury heard Officers Smith's and Officer Wheatley's testimony that Thompkins resisted Officer Smith's attempts to pat him down for weapons. Officer Smith testified that Thompkins clinched his hand in a fist, did not comply with Officer Smith's instruction to unclench his fist, and did not submit to Officer Smith's physical attempts to pry his fist open. Officer Smith said that Thompkins flailed his arms in an aggressive manner. Officer Wheatley testified that he saw

6

Officer Smith struggling to secure Thompkins's hands behind his back and saw Thompkins's right hand was clenched in a fist. Officer Wheatley said that Thompkins was "twisting back and forth" and trying to "shrug" Officer Smith off of him. Officer Wheatley said that when he approached, grabbed Thompkins's shirt, and told him to get on the ground, Thompkins shoved him.

Thompkins argues on appeal that "[w]hen the testimony of the officers is compared to [] that of [Thompkin's] companion, Ms. Rugama, the officers' testimony is simply not credible and the evidence is legally insufficient." But the jury, as the trier of fact, resolved any conflict in the evidence in the State's favor, and we may not re-evaluate their credibility determinations. *See Isassi*, 330 S.W.3d at 638. Viewing the evidence in the light most favorable to the verdict, we hold that the evidence supports the jury's determination that Thompkins intentionally prevented or obstructed Officer Smith's attempts to search him. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638; *see also* Tex. Penal Code Ann. § 38.03(a). We overrule Thompkins's first issue.

## V. SUFFICIENT EVIDENCE TO SUPPORT POSSESSION OF MARIJUANA CONVICTION

In his second issue, Thompkins argues that the evidence failed to link him to the marijuana found in his truck and failed to establish that the substance found in his truck was in fact marijuana.

A person commits the offense of possessing marijuana if he knowingly or intentionally possesses a usable quantity of marijuana. Tex. Health & Safety Code Ann. § 481.121(a) (West 2010). To prove possession, the State must

7

prove that the accused (1) exercised actual care, custody, control, or management over the substance and (2) knew that the matter possessed was a controlled substance. Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2012); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). The elements of possession may be proven through direct or circumstantial evidence, although the evidence must establish that the accused's connection with the substance was more than fortuitous. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

Mere presence in the same place as the controlled substance is insufficient to justify a finding of possession. *Evans*, 202 S.W.3d at 161–62. However, when a defendant is exerting exclusive control over a vehicle, it may be inferred that he has knowledge of what is in that vehicle and he may be deemed to have possessed any contraband found in it. *Menchaca v. State*, 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref'd); *see Castellano v. State*, 810 S.W.2d 800, 806 (Tex. App.—Austin 1991, no pet.) (citing *United States v. Richardson*, 848 F.2d 509, 513 (5th Cir. 1988)). Although knowledge of the contraband may be inferred from the defendant's exclusive control of the vehicle, when contraband is found in a hidden compartment of a vehicle in which the defendant was the sole occupant, courts have often required a showing of "additional factors indicating knowledge such as circumstances indicating a consciousness of guilt on the part of the defendant." *See Menchaca*, 901 S.W.2d at 652; *Castellano*, 810 S.W.2d at 806; *see also Evans*, 202 S.W.3d at 162 n.12

8

(listing possible factors to consider in assessing the link between a defendant and contraband). The number of linking factors present is not as important as the "logical force" they create to prove that an offense was committed. *Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). The absence of various links does not constitute evidence of innocence to be weighed against the links present. *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976); *James v. State*, 264 S.W.3d 215, 219 (Tex. App.— Houston [1st Dist.] 2008, pet. ref'd).

Here, the fact that Thompkins was the sole occupant of the truck supports a finding that he exercised actual care, custody, control, or management over the marijuana. *See Menchaca*, 901 S.W.2d at 652; *Castellano*, 810 S.W.2d at 806. The marijuana was not in a hidden compartment of the truck but was sitting on the truck's bench seat next to where Thompkins was sitting. Thus, his knowledge of the presence of marijuana can be inferred. *See Menchaca*, 901 S.W.2d at 652; *Castellano*, 810 S.W.2d at 806. Nevertheless, additional factors also indicate Thompkins's knowledge that the substance was marijuana. It was conveniently accessible to him. *See Evans*, 202 S.W.3d at 162 n.12 (listing close proximity to accused as a factor). Officer Smith smelled the odor of marijuana coming from inside the truck as he stood by the driver's side door. *See id.* (listing presence of odor of narcotics as a factor). Thompkins appeared nervous and was very agitated when the officers approached his truck; he said that he did not want to go to jail, despite being told that he had been stopped for

9

a defective license plate light. *See Silva v. State*, No. 03-11-00346-CR, 2012 WL 3601121, at \*3 (Tex. App.—Austin Aug. 17, 2012, pet. ref'd) (mem. op., not designated for publication) (rejecting defendant's argument that his nervousness stemmed from fear of going to jail for a suspended driver's license because State not required to disprove all possible inferences and jury assumed to resolve all inferences in support of verdict); *see also Sheppard v. State*, No. 03-10-00868-CR, 2012 WL 6698963, at \*3–4 (Tex. App.—Austin Dec. 21, 2012, no pet.) (mem. op., not designated for publication) (noting that jury choses between alternative reasonable inferences). We conclude that, based on the logical force created by the links between Thompkins and the marijuana, a rational trier of fact could have found beyond a reasonable doubt that he possessed the marijuana found in his truck. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Horton v. State*, No. 02-11-00244-CR, 2012 WL 171302, at \*8 (Tex. App.—Fort Worth Jan. 19, 2012, pet. ref'd) (mem. op., not designated for publication) (holding evidence sufficient to support conviction when appellant was driver and sole occupant of vehicle containing baggie of marijuana and drug paraphernalia, which were found in close physical proximity to appellant).

Thompkins also argues that the substance found in his truck was not tested to determine if it was indeed marijuana and that, consequently, insufficient evidence exists to support his conviction for possession of marijuana. But the court of criminal appeals has held that because marijuana has a distinct odor and appearance, chemical testing and expert testimony is not necessary to prove that

10

a substance is in fact marijuana; instead, the substance may be identified through the lay opinion of a police officer or other witness. *See Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002) ("It does not take an expert to identify the smell of marihuana[;] . . . [rather,] a witness who is familiar with the odor of marihuana . . . through past experiences can testify as a lay witness that he or she was able to recognize the odor."). The testimony of experienced officers can be sufficient evidence from which a jury can determine beyond a reasonable doubt that a substance is marijuana. *See Boothe v. State*, 474 S.W.2d 219, 221 (Tex. Crim. App. 1971).

Here, two police officers and one investigator testified that they identified the substance found in Thompkins's truck as marijuana. Officer Smith explained that the police academy training taught him to identify marijuana by appearance and odor—he examined marijuana and burned it as part of his training. He also explained that he has dealt with marijuana many times as a police officer. Officer Smith said that there are substances that try to replicate the effects of marijuana, but nothing he has encountered has the distinctive smell and look of marijuana. He testified that he was "certain" that the substance found in Thompkins's truck was marijuana based on its odor and appearance and on the officer's training and experience. Officer Wheatley also testified that he has "[a] lot" of experience with marijuana as a police officer and has made hundreds of arrests for marijuana possession. He was also certain that what they found in Thompkins's truck was a useable quantity of marijuana.

Tarrant County District Attorney Investigator Wayne Fitch testified that he has been an investigator for Tarrant County since 1999; prior to that, he was a Fort Worth police officer for thirty years. Of those thirty years as a police officer, he worked specifically with narcotics. For thirteen years, he was assigned to the federal Drug Enforcement Agency in Fort Worth. He had extensive dealings with marijuana in those thirteen years and can recognize it by sight, smell, and taste. Investigator Fitch testified that the substance found in Thompkins's truck was a useable quantity of marijuana.

Viewing the evidence in the light most favorable to the verdict, we hold that the jury could have rationally found all the essential elements of possession of marijuana beyond a reasonable doubt, including that the substance was marijuana and that Thompkins intentionally or knowingly exercised care, control, or management of it. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638; *see also* Tex. Health & Safety Code Ann. § 481.121(a). We overrule Thompkins's second issue.

## VI. CONCLUSION

Having overruled Thompkins's first issue, we affirm the trial court's judgment in cause number 1211017 (our case number 02-12-00526-CR). Having overruled Thompkins's second issue but having determined that the trial court's judgment in cause number 1211018 (our case number 02-12-00527-CR) incorrectly reflects Thompkins's sentence for the marijuana possession conviction as 200, rather than 90, days' confinement, we modify the judgment in

12

that case to reflect the correct sentence of 90 days' confinement and affirm the trial court's judgment as modified.  *See* Tex. R. App. P. 43.2(b).

SUE WALKER<br>
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 3, 2013