

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00125-CR

JASON TRUMAN CHILDRESS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1800087

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

After a Hunt County jury found Jason Truman Childress guilty of unlawfully carrying a weapon, it assessed his punishment at 365 days in jail. In his sole issue on appeal, Childress contends that there was insufficient evidence to support the jury's guilty verdict. Because we find that there was sufficient evidence to support the verdict, we affirm the trial court's judgment.

## I.    Background

In October 2017, Austin Brown, a trooper with the Texas Department of Public Safety (DPS), was patrolling on State Highway 276 in Hunt County. He observed a vehicle traveling toward him without a front license plate. Brown turned his patrol vehicle around and stopped the offending driver, who was identified as Childress.[1] Brown said that there were no other passengers in the vehicle. According to Brown, when he first approached Childress, he could smell the odor of marihuana coming from the vehicle. Brown asked Childress if he possessed "anything illegal in [his] vehicle." Brown testified, "[T]hat's when [Childress] said he had a couple of [']roaches,['] and he handed that to me." Brown then asked Childress to step to the rear of his vehicle, at which time Childress informed Brown that he had "something else." Childress then reached into the center console of his vehicle and handed Brown two small bags of marihuana.[2]

Brown also testified that he had been trained to identify marihuana, which he described as "[a] green, leafy plant substance" that has a "distinct odor." He stated, "[D]uring my field training, my field training officer would be in the lead, and we made several arrests involving marijuana."

[1]The traffic stop was recorded by Brown's dashboard camera, and the reading was admitted into evidence.

[2]The baggies containing the substance were admitted into evidence.

2

Brown explained, "For marijuana, a big [factor] is going to be the smell. Like I said, it has a very distinct smell to it. That's usually going to be the giveaway." Brown also explained that marihuana was usually "already crumbled up" by the time he encountered it. When asked if marihuana is meant to be smoked or inhaled, Brown responded, "It's used . . . for smoking." According to Brown, during his time as a DPS trooper, he had come across marihuana approximately 100 times, and he was familiar with the indicators of the substance.

During the stop, Brown also asked Childress if he had any weapons in the vehicle, to which Childress responded, "[P]ossibly, in the glove box." Brown then discovered that Childress had a Ruger SR9 9mm handgun in his possession.[3] After further search of the vehicle, Brown found three large bundles of what he believed to be marihuana wrapped in plastic wrap.[4]

After the presentation of the evidence, the jury found Childress guilty of unlawfully carrying a weapon and assessed his punishment at 365 days' in jail. This appeal followed.

## II. Standard of Review

In his sole point of error, Childress contends that the evidence was legally insufficient to support his conviction of unlawfully carrying a weapon. In evaluating legal sufficiency, we must review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found, beyond a reasonable doubt, that Childress was guilty of the charged offense. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex.

---

[3]During the stop, Childress admitted that the weapon belonged to him.

[4]Childress does not challenge the legality of Brown's search of the vehicle.

3

App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the fact-finder "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). In drawing reasonable inferences, the jury "may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life." *Duren v. State*, 87 S.W.3d 719, 724 (Tex. App.—Texarkana 2002, pet. struck) (citing *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (Meyers, J., concurring)). "A jury may infer intent from any facts which tend to prove its existence, including the [defendant's] acts, words, and conduct . . . ." *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1990); *see Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002).[5] "The jurors are the sole judges of the credibility of the witnesses and the weight to be given to their testimony." *Contreras v. State*, No. 01-10-00024-CR, 2011 WL 2923924, at *6 (Tex. App.—Houston [1st Dist.] July 21, 2011, pet. ref'd) (mem. op.); *see Thomas v. State*, 444 S.W.3d 4, 10 (Tex. Crim. App. 2014). They may "believe all of a witnesses' testimony, portions of it, or none of it." *Id*. We give "almost complete deference to a jury's decision when that decision is based on an evaluation of credibility." *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

---

[5]Further, "[t]he jury, being the judges of the facts and credibility of the witnesses, could choose to believe or not believe the witnesses, or any portion of their testimony." *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (citing *Esquivel v. State*, 506 S.W.2d 613, 615 (Tex. Crim. App. 1974)).

In our review, we consider "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Hooper*, 214 S.W.3d at 13 (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985)). "Circumstantial evidence and direct evidence are equally probative in establishing the guilt of a defendant, and guilt can be established by circumstantial evidence alone." *Garcia v. State*, No. 06-15-00187-CR, 2016 WL 6638863, at *2 (Tex. App.—Texarkana, Nov. 10, 2016, no pet.) (mem. op.) (citing *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13 (citing *Guevara*, 152 S.W.3d at 49)).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

## III. Discussion

In his sole point of error, Childress contends that Brown's testimony was insufficient to show that the substance in Childress's possession was marihuana. We disagree.

Section 46.02(a-1) of the Texas Penal Code states,

> (a-1)  A person commits [unlawful carrying of a weapon] if the person . . . recklessly carries on or about his . . . person a handgun in a motor vehicle . . . that is owned by the person or under the person's control at any time in which:
>
> . . . .
>
> (2)  the person is

> (A) engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic or boating

TEX. PENAL CODE ANN. § 46.02(a-1) (Supp.). In its first amended information, the State alleged that, on or about October 31, 2017, Childress (1) recklessly carried a handgun on or about his person (2) in a motor vehicle (3) that was under his control while (4) he was engaged in criminal conduct, i.e., possession of marihuana.

Law enforcement officers do not have to be experts in identifying marihuana in order to testify that the substance found was marihuana. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002). Unlike cocaine, marihuana is easily identifiable; it does not take an expert to identify its odor. *Id.* Thus, law enforcement officers may be qualified to testify that a green, leafy substance is marihuana. *Boothe v. State*, 474 S.W.2d 219, 220–21 (Tex. Crim. App. 1971). This testimony is sufficient to support a jury's determination that the substance is marihuana. *Boothe*, 474 S.W.2d at 221. In fact, the Texas Court of Criminal Appeals has held that marihuana is a substance that both officers and common lay witnesses can identify through simple use of their senses. *Osbourn*, 92 S.W.3d at 537; *see also Kemner v. State*, 589 S.W.2d 403 (Tex. Crim. App. [Panel Op.] 1979) (airline employee recognized smell of marihuana coming from appellant's suitcase and informed DEA); *Sorenson v. State*, 478 S.W.2d 532 (Tex. Crim. App. 1972) (appellant's mother testified that she recognized the odor of marihuana when she found it in her son's room).

Here, Brown testified that, based on his training and experience as a law enforcement officer, he was familiar with the smell of marihuana and he knew what marihuana looked like.

Further, Brown's testimony, and the recording from the dashboard camera, established that Childress admitted that he had possessed a "roach" and additional marihuana. Even more, the substance found in the vehicle was admitted into evidence. As a result, the jurors were free to view it and make their own determination about whether it was actually marihuana.[6] For these reasons, we find that the evidence was legally sufficient to support the jury's determination that the substance Childress possessed was marihuana. We, therefore, overrule Childress's sole issue.

## III. Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Justice


Date Submitted:     February 11, 2020
Date Decided:       February 12, 2020

Do Not Publish

---

[6]Directing us to recent changes in the law, Childress also contends that there was insufficient evidence to show that the substance met the definition of marihuana under the Section 481.002(26)(F) of the Texas Health and Safety Code and Sections 112.001 and 113.001 of the Texas Agriculture Code.

We note that recently, the Legislature excluded "hemp, as that term is defined by Section 121.001, Agriculture Code" from the definition of marihuana. TEX. HEALTH & SAFETY CODE ANN. § 481.002(26)(F) (Supp.). Because of the similarities in the definitions of marihuana and hemp, Childress questioned the continued viability of the holding that officers and lay witnesses may identify marihuana through their senses alone. *Compare* TEX. HEALTH & SAFETY CODE ANN. § 481.002(26) (Supp.) (defining marihuana as "the plant Cannibas sativa L.") *with* TEX. AGRI. CODE ANN. § 121.001 (Supp.) (defining hemp as "the plant Cannibas sativa L . . . with a delta–9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis")

We need not address this argument because, when the offense was alleged to have occurred, the Texas Health and Safety Code did not exclude "hemp" from the definition of marihuana. *See* Act of May 4, 2001, 77th Leg., R.S., ch. 251, 2001 Tex. Gen. Laws 466, 466–67 (amended 2019) (current version at TEX. HEALTH & SAFETY CODE § 481.002(26)); TEX. GOV'T CODE ANN. § 311.031(a)(3). Childress fails to provide us with a legal basis on which we can consider a statutory amendment that became effective after the alleged offense occurred.

7